■ In the Matter of JOLENE SS. and Others, Children Alleged to be Abused and/or Neglected. RENSSELAER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOEL SS., Appellant. [678 NYS2d 832] —Cardona, P. J. Appeal from an order of the Family Court of Rensselaer County (Hummel, J.), entered March 19, 1997, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's children to be abused and/or neglected.

Respondent is the stepfather of Regina (born in 1982) and the biological father of Jolene (born in 1987) and Joel (born in 1987). Until May 1996, respondent resided in the City of Troy, Rensselaer County, with the children and his wife. In May 1996, Regina reported to police that she had been raped by respondent. This resulted in petitioner, *inter alia*, filing a child abuse and neglect petition against respondent and his wife. A fact-finding hearing was conducted before Family Court in

November 1996.* During the hearing, respondent called Regina to testify and due to her reluctance to have respondent present during her testimony, he left the courtroom. Following the hearing, Family Court determined that Regina was an abused child and Jolene and Joel were neglected children. A dispositional order was entered placing the children in petitioner's custody for one year. Respondent appeals.

Respondent contends that he was denied his constitutional right to confront witnesses at the hearing by his exclusion from the courtroom during Regina's testimony. We disagree. The transcript discloses that, after conferring with counsel, respondent voluntarily agreed to leave the courtroom in order to encourage Regina to testify after petitioner had rested. Under the circumstances, we find that he waived his right to be present during her testimony (*see generally, Matter of Christina F.*, 135 Misc 2d 495, 496, *affd* 147 AD2d 942, *affd* 74 NY2d 532; *cf., Matter of Daniel Aaron D.*, 49 NY2d 788, 790). Furthermore, inasmuch as respondent's attorney was present during Regina's testimony and questioned her on respondent's behalf, we do not find that respondent's due process rights were violated (*see, Matter of Falon P.*, 250 AD2d 497; *Matter of Heather J.*, 244 AD2d 762, 763). Nor do we find the consent given by respondent's attorney to respondent's absence from the courtroom during Regina's testimony a basis for concluding that he was denied the effective assistance of counsel (*see, Matter of Matthew C.*, 227 AD2d 679, 682-683; *Matter of Donna K.*, 132 AD2d 1004, 1005). Therefore, we find no reason to disturb Family Court's order.

Mikoll, J. P., Crew III, White and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.

---

* The allegations against respondent's wife were resolved prior to the hearing.