■ In the Matter of CHRISTA H. and Others, Children Alleged to be Abused and/or Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LOUIS K., Appellant. [698 NYS2d 921] —Crew III, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered

September 15, 1998, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's children to be abused and/or neglected.

Respondent is the stepfather of Christa H. (born in 1987) and the biological father of two children, William J. (born in 1996) and Louis J. (born in 1992). In January 1998, petitioner commenced this proceeding alleging, *inter alia*, that respondent had sexually abused Christa and derivatively neglected his sons. Following a fact-finding hearing, Family Court adjudicated Christa to be a sexually abused child and made derivative findings of neglect with respect to William and Louis. Following a dispositional hearing, respondent and the children were placed under petitioner's supervision for a period of one year. This appeal by respondent ensued.

Initially, we reject respondent's contention that he was denied his due process right to confront his accuser. Inasmuch as a proceeding under Family Court Act article 10 is civil in nature, respondent does not enjoy the right to be present at every stage thereof (*see, Matter of Randy A.*, 248 AD2d 838, 839-840). In balancing the due process right of the accused with the mental and emotional well-being of the child, a court may, as was done here, exclude the respondent during the child's testimony but allow his attorney to be present and question the child (*see, Matter of Christina F.*, 74 NY2d 532, 537). Under the circumstances herein, we cannot say that Family Court abused its discretion.

We similarly reject respondent's contention that Christa's prior out-of-court statements were not corroborated sufficiently to support the finding of abuse. While respondent is correct that such statements, standing alone, are not sufficient to support a finding of abuse, Family Court Act § 1046 (a) (vi) broadly provides that "[a]ny other evidence tending to support the reliability of the previous statements * * * shall be sufficient corroboration". In this regard, it previously has been held that where, as here, a child gives in-court testimony subject to cross-examination, even if such testimony is not given under oath, such can constitute corroboration of the prior statements (*see, Matter of Christina F., supra*, at 536-537). We have considered respondent's remaining contentions and find them to be equally without merit.

Cardona, P. J., Mikoll, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.