■ In the Matter of ROBERT U. and Another, Children Alleged to be Abused. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; FREDERICK V., Appellant. (And Another Related Proceeding.) [724 NYS2d 527] —Mugglin, J. Appeal from an order of the Family Court of Broome County (Hester, Jr., J.), entered December 9, 1999, which granted petitioner's applications, in two proceedings pursuant to Family Court Act article 10, to, *inter alia*, adjudicate respondent's children and stepchildren to be abused and/or neglected.

---

On this appeal, respondent asserts that his due process rights were infringed by his exclusion from the courtroom during the testimony of the two children that he allegedly sexually abused and that because of the sudden resignation—due to ill health—of his first counsel at the end of the fact-finding hearing, he was denied the effective assistance of counsel. Specifically, the record reveals that, just prior to the testimony of his 13-year-old stepdaughter, her Law Guardian, asserting that it would be traumatizing to the witness to have to testify in the presence of her stepfather and her mother, asked Family Court to exclude them from the courtroom. The court immediately granted the application "based on the representations of counsel and the allegations in the petition." The record does not reflect that respondent's counsel objected at this time. Respondent's counsel did object, however, when, prior to the testimony of his soon-to-be 15-year-old stepson, his Law Guardian made the same application. Again, the court immediately ruled that "in view of the sensitivity of the testimony and circumstances of this case," respondent and his wife be excluded from the courtroom.

Respondent's counsel was allowed to remain in the courtroom, and was granted a one-hour adjournment following the direct testimony of the stepson to consult with respondent concerning cross-examination. Despite the adjournment, respondent's counsel asserted an inability to cross-examine the witness due to the extensive nature of the direct testimony and the difficulty that he was encountering in explaining it to respondent. Respondent's counsel further asserted that, without such assistance from his client, there was a greater risk that in cross-examining the witness he might inadvertently elicit additional unfavorable information.

It is now well settled that a litigant does not have an absolute right to be present at all stages of a civil proceeding, such as a Family Court Act article 10 proceeding (*see, Matter of Christa H.*, 267 AD2d 586; *Matter of Donna K.*, 132 AD2d 1004; *see generally, Matter of Christina F.*, 74 NY2d 532). Notably, however, in *Matter of Christina F.* (*supra*), while counsel were present, the parents were excluded by *agreement* of the parties during the examination of the five-year-old child. Moreover, while counsel were present in both *Matter of Donna K.* (*supra*) and *Matter of Christa H.* (*supra*), both opinions refer to the trial court "balancing" the due process right of the respondents against the mental and emotional well-being of the child witnesses. In the case *sub judice*, Family Court engaged in no attempt at balancing these interests and, in effect, abdicated its

responsibility to do so to the Law Guardians who simply asserted that conversations with the children led them to conclude that they would be traumatized by having to testify in respondent's presence.

While we find that Family Court did not engage in the balancing procedure, we do find, under the circumstances presented herein, that the error does not require reversal. A prima facie case of abuse was established—apart from the testimony of the two victims—by the testimony of the other witnesses as to the victim's previous statements and the corroboration of those statements through the testimony of a clinical social worker and sexual abuse validator (*see,* Family Ct Act § 1046 [a] [vi]; *Matter of Nicole V.,* 71 NY2d 112). All of these witnesses were examined and cross-examined in respondent's presence. The victims' testimonies were not necessary to establish a prima facie case nor to corroborate their previous statements (*see, e.g., Matter of Christina F. , supra; Matter of Randy A.,* 248 AD2d 838). Moreover, we note that the due process rights of respondent were accommodated to the degree that his counsel was present during the in-court testimony of both victims and respondent's counsel cross-examined respondent's stepdaughter, and he and respondent waived cross-examination of his stepson, partly out of counsel's fear that he would "inadvertently and unwittingly" elicit additional information unfavorable to respondent (*compare, Matter of Randy A., supra* [counsel excluded during the in-court examination of the child witness]). Moreover, the victims' in-court testimony was entirely consistent with their previous statements.

Next, we find no merit to respondent's contention that he was denied the effective assistance of counsel. During the examination of the two stepchildren, respondent's new counsel was present in the courtroom as he was representing respondent in criminal court with respect to these same allegations. Moreover, due to the resignation of his first attorney, Family Court afforded respondent a six-week adjournment. Despite this, respondent's new counsel advised the court that he was unable to locate witnesses to testify on respondent's behalf. While the effectiveness of counsel in a child protective proceeding is measured by the equivalent standards of counsel in a criminal proceeding (*see, Matter of Andrew MM.,* 279 AD2d 654, 657), the totality of the circumstances must be considered, acknowledging that " ' "meaningful representation" does not mean "perfect representation" ' " (*Matter of Bernard K.,* 280 AD2d 728, quoting *People v Ford,* 86 NY2d 397, 404, quoting *People v Modica,* 64 NY2d 828, 829). In the absence of a show-

ing of any significant prejudice as a result of the failure to locate witnesses, this factor, standing alone, does not establish the ineffective assistance of counsel, particularly where there is no indication that the witnesses were available to testify at the time that the original attorney withdrew.

Crew III, J. P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.