■ In the Matter of MICHELLE L., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MICHAEL L., Appellant. (Proceeding No. 1.) In the Matter of TERRELL L., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MICHAEL L., Appellant. (Proceeding No. 2.) [805 NYS2d 420]—

In related child protective proceedings pursuant to Family

Court Act article 10, the father appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Spinner, J.), dated June 16, 2004, which, after a hearing, determined that he neglected the subject children Michelle L. and Terrell L., and released them to their mother, Wanda W., with supervision by the petitioner until May 26, 2005.

Ordered that the appeal from so much of the order of fact-finding and disposition as released the subject children Michelle L. and Terrell L. to Wanda W., with supervision until May 26, 2005, is dismissed as academic, without costs or disbursements, as the period of supervision has expired (*see Matter of Sheneika V.*, 20 AD3d 541, 542 [2005]; *Matter of Zakrya M.*, 18 AD3d 754 [2005]); and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

Although the dispositional provision of the order of fact-finding and disposition has expired, the underlying adjudication of neglect constitutes a permanent and significant stigma. Moreover, the finding of neglect might indirectly affect the appellant's status in potential future proceedings. Therefore, the appeal from so much of the order of fact-finding and disposition as found that the subject children Michelle L. and Terrell L. were neglected is not academic (*see Matter of Commissioner of Social Servs. v Vincent D. II*, 232 AD2d 410, 411 [1996]; *Matter of H. Children*, 156 AD2d 520 [1989]).

Contrary to the appellant's contention, the finding that the subject children Michelle L. and Terrell L. were neglected based on an incident of domestic violence committed by the appellant and the appellant's drug use was supported by a preponderance of the evidence (*see Matter of Starcy G.*, 13 AD3d 532, 533 [2004]; *Matter of Francis S.*, 296 AD2d 507 [2002]; *Matter of Carlos M.*, 293 AD2d 617, 619 [2002]; *Matter of Nassau County Dept. of Social Servs. v Denise J.*, 206 AD2d 372 [1994], *affd* 87 NY2d 73 [1995]). We reject the appellant's contention that out-of-court statements by Michelle L. describing the incident of domestic violence at issue were uncorroborated (*see Matter of Christina F.*, 74 NY2d 532, 536 [1989]; *Matter of Nicole V.*, 71 NY2d 112, 118-119 [1987]).

The appellant's remaining contention is without merit. Crane, J.P., Mastro, Fisher and Lunn, JJ., concur.