■ In the Matter of ANNEMARIE R., a Child Alleged to be Abused and Neglected. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JEFFREY L., Appellant. [831 NYS2d 217]—

In a child protective proceeding pursuant to Family Court Act article 10, the great-uncle and guardian of the child appeals, as limited by his brief, from so much of an order of fact-finding and disposition of the Family Court, Nassau County (Foskey, J.), dated December 20, 2005, as, after a fact-finding and dispositional hearing, found that he abused the child Annemarie R.

Ordered that the order of fact-finding and disposition is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, for a new fact-finding hearing in accordance herewith, and, if necessary, for a new disposition thereafter; and it is further,

Ordered that pending the hearing, the order of protection dated December 13, 2005 is continued.

In this proceeding pursuant to Family Court Act article 10, the child's great-uncle, who is the guardian of the child, has been accused of sexually abusing her such that an adjudication of abuse "constitutes a permanent and significant stigma which might indirectly affect the appellant's status in future proceedings" (*Matter of Alexis C.*, 27 AD3d 646, 647 [2006]; *Matter of Sylvia J.*, 23 AD3d 560 [2005]). Although the right of a person accused of abuse to be present at every stage of an article 10 proceeding is not absolute, the Family Court must balance his right to confront and cross-examine witnesses against the mental and emotional well being of the child (*see Matter of Q.-L. H.*, 27 AD3d 738, 739; *Matter of Christa H.*, 267 AD2d 586 [1999]; *see also Matter of Christina F.*, 74 NY2d 532, 535 [1989]; *Matter of Heather S.*, 19 AD3d 606 [2005]; *Matter of Katherine S.*, 271 AD2d 538 [2000]).

Here, the Family Court erred in failing to perform a balancing test to weigh the great-uncle's due process rights against the risk to the child of either testifying in open court or in camera with the great-uncle or his counsel present, thereby abdicating its role to the judgment of the Law Guardian (*see Matter of Robert U.*, 283 AD2d 689, 690 [2001]; *Matter of*

*Rockland County Dept. of Social Servs. [Joseph Z.],* 186 AD2d 136 [1992]). Although empowered to do so, we decline to make a finding of abuse on the basis of the record before us, and therefore remit the matter to the Family Court for a new fact-finding hearing, and, if necessary, a new disposition thereafter. Schmidt, J.P., Mastro, Santucci and Fisher, JJ., concur.