■ In the Matter of Lindsey BB. and Another, Children Alleged to be Neglected. Columbia County Department of Social

SERVICES, Respondent; RUTH BB. et al., Appellants. [896 NYS2d 186]—

Mercure, J.P. Appeals from two orders of the Family Court of Columbia County (Czajka, J.), entered July 16, 2008 and September 16, 2008, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondents' children to be neglected.

Respondents, Ruth BB. (hereinafter the mother) and Mark BB. (hereinafter the father), are the parents of the subject children, a daughter (born in 1992) and a son (born in 1994). The petition alleged that respondents were involved in verbal and physical altercations in the children's presence, that the father physically abused both children and that respondents abused marihuana and cocaine while caring for them. Family Court ultimately found the children to be neglected by both respondents and ordered that the children continue to be placed with petitioner. Respondents now appeal from both the order sustaining the petition and the dispositional order, and we affirm.

Contrary to respondents' argument, Family Court's findings of neglect were supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]). Initially, much of the evidence of neglect here comes from out-of-court statements made by the children that, absent corroboration, would be insufficient to support a finding of neglect (*see* Family Ct Act § 1046 [a] [vi]). Any evidence that tends to support the reliability of an out-of-court statement, however, will provide that corroboration (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Aaliyah B. [Clarence B.]*, 68 AD3d 1483, 1484 [2009]). In this case, the children's out-of-court statements discussed many of the same events and, thus, cross-corroborated one another (*see Matter of Nicole V.*, 71 NY2d 112, 124 [1987]; *Matter of Cobane v Cobane*, 57 AD3d 1320, 1321 [2008], *lv denied* 12 NY3d 706 [2009]). The out-of-court statements were further supported in many instances by other

evidence in the record, including the sworn testimony of the parents and the children.* In short, while some portions of the children's out-of-court statements were not sufficiently corroborated, the bulk of the statements were, and Family Court appropriately exercised its discretion in considering them (see Matter of Nicole V., 71 NY2d at 119; Matter of Cobane v Cobane, 57 AD3d at 1321).

Thus corroborated, the evidence established that both respondents often resorted to violence during their constant arguments, including slapping, shoving and one occasion where one respondent threw or pushed a computer monitor at the other. Both children were aware of this behavior and, indeed, the daughter was so disturbed by respondents' conduct that she called 911 to report that the mother had been struck by the father. Moreover, the father behaved in an emotionally abusive fashion by threatening to remove all of the daughter's possessions from her bedroom as punishment, forcing her to hide her prized possessions at school out of fear that the father would destroy them. Proof was also presented that respondents owned drug paraphernalia and that both they and visitors to the family residence frequently used marihuana and cocaine in the presence of the children. The mother's cocaine use was further confirmed by a positive drug test. Respondents denied using illegal drugs and allegedly underwent a substance abuse treatment evaluation, but they refused to provide any documentation that would support their claims. This evidence, taken as a whole, amply supports Family Court's finding that respondents neglected the subject children (see Matter of Gregory S., 39 AD3d 552 [2007]; Matter of Andrew DeJ. R., 30 AD3d 238, 239 [2006]; Matter of Michelle L., 24 AD3d 443, 444 [2005]; Matter of Richard T., 12 AD3d 986, 987-988 [2004]).

Respondents' remaining claim, that they were improperly excluded from a hearing conducted with the subject children, is without merit. While respondents are entitled to due process in this neglect proceeding, they had no absolute right to be present at every step of the trial (see Matter of Randy A., 248 AD2d 838, 839-840 [1998]). Our review of the record reveals that Family

---

* The children recanted a number of their allegations in their sworn testimony, but that created a credibility issue for Family Court to resolve (see Matter of Kayla N., 41 AD3d 920, 922 [2007]; Matter of Karen BB., 216 AD2d 754, 756 [1995]). Family Court did not abuse its discretion in declining to credit those recantations, particularly as the father admittedly displayed the allegations in the neglect petition to the children and discussed the allegations with them prior to their testimony, violating an order of protection in so doing (see Matter of Caitlyn U., 46 AD3d 1144, 1146-1147 [2007]; Matter of Karen BB., 216 AD2d at 756).

Court appropriately balanced respondents' due process right against "the desire to protect the [children's] mental and emotional well-being" by permitting counsel to cross-examine the children in the absence of respondents themselves (*id.* at 840; *see Matter of Sylvia J.*, 23 AD3d 560, 561-562 [2005], *lvs denied* 7 NY3d 703 [2006]).

Spain, Rose, Lahtinen and McCarthy, JJ., concur. Ordered that the orders are affirmed, without costs.