[903 NYS2d 806]

In the Matter of JUSTIN CC. and Others, Children Alleged to be Abused and Neglected. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TINA CC. et al., Appellants. (And Another Related Proceeding.)

Third Department, July 1, 2010

## APPEARANCES OF COUNSEL

*John J. Raspante*, New Hartford, for Tina CC., appellant.

*Kelly M. Corbett*, Fayetteville, for George CC., appellant.

*David Kagle, Chemung County Department of Law, Family Court Division*, Elmira, for respondent.

*Michelle E. Stone*, Vestal, attorney for the child.

*Tracey A. Brown*, Clifton Park, attorney for the children.

## OPINION OF THE COURT

Peters, J.

On this appeal, we are compelled to determine whether testimony taken from a child during the fact-finding stage of a Family Ct Act article 10 proceeding, outside the presence of the respondent but with counsel present and permitted to cross-examine the child, is entitled to the same protections of confidentiality afforded to *Lincoln* testimony in a Family Ct Act article 6 proceeding. We conclude that it is not.

Respondent George CC. (hereinafter the father) and respondent Tina CC. (hereinafter the mother) are the parents of three sons (born in 1996, 1999 and 2001). The mother also has a daughter from a prior relationship (born in 1992). Petitioner commenced these neglect and abuse proceedings alleging, among other things, that respondents subjected the children to corporal punishment and the father had sexual intercourse with the daughter on at least 20 occasions.

Prior to the fact-finding hearing, the attorney for the daughter requested that a "modified *Lincoln* hearing" be held with the daughter in the presence of all counsel, but outside the presence of respondents, citing to this Court's decision in *Matter of Randy A.* (248 AD2d 838, 839-840 [1998]) as authority for such a procedure. There is no indication that any of the parties

objected to the format of this hearing and, although unclear from the record, it appears that respondents in fact consented to their exclusion while the daughter testified.[1] Thereafter, in what was termed a *"Lincoln* hearing," the daughter provided sworn testimony; respondents were excluded but their attorneys were permitted to be present and afforded a full opportunity to cross-examine her. At the conclusion of the fact-finding hearing, Family Court found that the father abused the daughter and derivatively abused the sons, and that both the mother and the father neglected all four children. The transcript of the daughter's testimony was marked confidential by Family Court and was forwarded under seal to this Court for purposes of this appeal.

While these appeals were being perfected, appellate counsel for the father moved for, among other things, an order unsealing the transcript of the daughter's testimony for inclusion in the record on appeal and for purposes of reference in counsel's brief and appendix. In that motion, counsel asserted that, inasmuch as this is not a custody proceeding and all counsel were present during the daughter's testimony and permitted to cross-examine her, the daughter's testimony was not in fact obtained during the course of a true *Lincoln* hearing and, consequently, is not confidential. Counsel also argued that her inability to reference and make fact-specific arguments based upon that testimony hampered her ability to adequately represent the father on appeal. By motion decision entered November 13, 2009, this Court denied the motion to unseal the daughter's testimony.

On appeal, appellate counsel for the father again asserts that the daughter's testimony should not be maintained confidential since it was not obtained during the course of a true *Lincoln* hearing and that she cannot effectively represent her client without the ability to specifically challenge such testimony. Finding that this type of testimony taken at the fact-finding stage of a Family Ct Act article 10 proceeding is fundamentally different from *Lincoln* testimony and is not entitled to the protections afforded by *Lincoln*, we now, upon reconsideration, vacate our prior decision on the motion and grant the motion to unseal.

In *Matter of Lincoln v Lincoln* (24 NY2d 270 [1969]), the Court of Appeals held that a court deciding the issue of custody has the right to conduct a confidential interview with the child,

---

1. During oral argument the father's appellate counsel acknowledged that the father agreed to his exclusion from the daughter's testimony.

outside the presence of the parents and their attorneys, because its first responsibility is and must be the welfare and interests of the child (*id.* at 272). In so concluding, the Court emphasized the importance of protecting the child from having to choose openly between parents or publicly relate his or her difficulties with them (*id.*). Indeed, as this Court noted in upholding a Family Court's refusal—in a custody proceeding—to disclose the contents of a *Lincoln* hearing, "[c]hildren must be protected from having to openly choose between parents or openly divulging intimate details of their respective parent/child relationships[, and *t]his protection is achieved by sealing the transcript of the in camera Lincoln hearing*" (*Matter of Sellen v Wright*, 229 AD2d 680, 681-682 [1996] [emphasis added and citation omitted]).

Although there are sound reasons for maintaining confidentiality of a child's testimony in a custody proceeding, we find no basis for providing such a protection at the fact-finding stage of a neglect/abuse proceeding. While the issue at the fact-finding stage of a custody proceeding is what custodial arrangement is in the best interest of the child, the issue at the fact-finding stage of a Family Ct Act article 10 proceeding is whether the petitioner has proved by a preponderance of the evidence that the child is neglected and/or abused and that the respondent is responsible for the neglect and/or abuse. Most significantly, unlike a custody proceeding, the position of the allegedly neglected or abused child in an article 10 proceeding may be adverse to the respondent.

In that regard, it is firmly established that every litigant has a fundamental right, guaranteed by the Due Process Clauses of both the Federal and State Constitutions, to confront his or her accuser (*see Matter of Cecilia R.*, 36 NY2d 317, 320 [1975]). Nevertheless, a litigant does not have an absolute right to be present at all stages of a civil proceeding, such as a Family Ct Act article 10 proceeding (*see Matter of Lindsey BB. [Ruth BB.]*, 70 AD3d 1205, 1207 [2010]; *Matter of Robert U.*, 283 AD2d 689, 690-691 [2001]; *Matter of Randy A.*, 248 AD2d at 839-840). As such, in the context of a Family Ct Act article 10 proceeding, this Court has concluded that, "[i]n balancing the due process right of the accused with the mental and emotional well-being of the child, a court may . . . exclude the respondent during the child's testimony but allow his [or her] attorney to be present and question the child" (*Matter of Christa H.*, 267 AD2d 586, 587 [1999]; *see Matter of Lindsey BB. [Ruth BB.]*, 70 AD3d at

1207; *Matter of Robert U.*, 283 AD2d at 690-691). Notably, it is only after such a balancing of these interests—a respondent's right to be present/confront the victim and the psychological danger to the child of testifying in the respondent's presence— that a court may properly exclude a respondent from such testimony (*see Matter of Robert U.*, 283 AD2d at 690; *see also Matter of Lindsey BB. [Ruth BB.]*, 70 AD3d at 1207; *Matter of Annemarie R.*, 37 AD3d 723, 723 [2d Dept 2007]).[2]

In our view, the underlying purpose for excluding a respondent during the testimony of a child victim in a Family Ct Act article 10 proceeding is to ensure the child's ability to testify accurately and without inhibition, thus fostering open and truthful testimony (*see Matter of Q.-L. H.*, 27 AD3d 738, 739 [2d Dept 2006] ["Family Court properly balanced the respective interests of the parties and, based upon the record, reasonably concluded that the child . . . would suffer emotional trauma *if compelled to testify in front of the appellant*" (emphasis added)]; *Matter of Lynelle W.*, 177 AD2d 1008, 1009 [4th Dept 1991] [same]; *Matter of Hadja B.*, 302 AD2d 226 [1st Dept 2003] ["Examination of the child in camera, out of [the] respondent's presence *but in the presence of respondent's attorney, who cross-examined* the child after being given time to discuss the *child's* testimony with [the] respondent, was properly based on the social worker's affidavit that [the] respondent's abuse of the child *compromised the child's ability to give clear and accurate testimony in [the] respondent's presence*" (emphasis added)]; *Matter of Robert U.*, 283 AD2d at 690-691 [Family Court abdicated its responsibility to balance the respective interests, instead simply relying on the Law Guardians' assertions that "conversations with the children led them to conclude that *they would be traumatized by having to testify in [the] respondent's presence*" (emphasis added)]; *see also Matter of Arlenys B. [Aneudes B.]*, 70 AD3d 598, 599 [1st Dept 2010] [finding no due process violation where, in balancing the respective interests, Family Court permitted testimony using live two-way video based on representations that the child had been *"intimidated by [the] respondent's gaze and that her initial testimony caused her emotional distress"* (emphasis added)]). Exclusion of a respondent from the child victim's testimony is not—and should not be—based upon a need to keep such testimony confidential, nor is there any basis for maintaining confidentiality of such testimony.

---

2. This balancing procedure, or the reasons obviating the need to engage in it (for example, the parties consent to their exclusion), should be performed on the record so as to permit adequate appellate review.

Unlike a custody proceeding, where the purpose of a *Lincoln* hearing is to corroborate information acquired through testimonial or documentary evidence adduced during the fact-finding hearing, it has been held that the testimony of a child—sworn or unsworn—taken outside the presence of the respondent in a Family Ct Act article 10 proceeding can, by itself, support a finding of neglect or abuse (*see Matter of Danielle M.*, 151 AD2d 240, 243 [1st Dept 1989]; *Matter of Vanessa R.*, 148 AD2d 989, 989 [4th Dept 1989]; *Matter of Elizabeth D.*, 139 AD2d 66, 68 [4th Dept 1988], *appeal dismissed* 73 NY2d 871 [1989]; *Matter of Aryeh-Levi K.*, 134 AD2d 428, 429 [2d Dept 1987]; *see also Matter of Kyanna T.*, 19 Misc 3d 1114[A], 2007 NY Slip Op 52547[U], *5 [2007]; *Matter of Kim K.*, 150 Misc 2d 690, 693-694 [1991]). Although neither this Court nor the Court of Appeals has spoken on that issue—and we do not now pass on it—it is well settled that such testimony can, at a minimum, provide the requisite corroboration of a child's out-of-court statements (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Christina F.*, 74 NY2d 532, 535 [1989]; *Matter of Telsa Z. [Rickey Z.— Denise Z.]*, 71 AD3d 1246, 1250 [2010]; *Matter of Aaliyah B. [Clarence B.]*, 68 AD3d 1483, 1484 [2009]; *Matter of Brandi U.*, 47 AD3d 1103, 1104 [2008]). To then drape such testimony with the veil of confidentiality, thus precluding appellate counsel from both referring to that testimony by specific reference and making legal arguments based upon it, raises fundamental due process concerns for the purposes of an appeal. Furthermore, if such testimony were to remain confidential, appellate counsel's ability to effectively represent his or her client would be even more constrained than that of trial counsel. While trial counsel, in closing arguments, made specific reference to many aspects of the child's testimony in an attempt to argue that her testimony should not be credited and was inconsistent with her prior out-of-court statements, appellate counsel is now unable to make those very same fact-specific arguments based on that same testimony—or other portions of the daughter's testimony. Again, fundamental due process issues are implicated by such a constraint.

For these reasons, we now hold that, where a child provides testimony during the fact-finding stage of a Family Ct Act article 10 proceeding, outside the presence of the respondent but with all counsel present and afforded a full opportunity to cross-examine the child, the child's testimony may not be sealed. If an appeal is taken, the transcript of the child's testimony shall

be provided to all counsel, and counsel may refer to the child's testimony in both the brief and at oral argument.

In light of our determination, we hold these appeals in abeyance and permit the parties to rebrief the issues raised in their initial briefs on appeal in accordance with the conditions set forth in this decision.

MERCURE, J.P., SPAIN, ROSE and KAVANAGH, JJ., concur.

Ordered that the decision is withheld.