*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 30, 2015                518502
_____

In the Matter of ALERIA KK.
    and Others, Alleged to be
    Abused and/or Neglected
    and/or Severely Abused
    Children.

                                        MEMORANDUM AND ORDER

ALBANY COUNTY DEPARTMENT FOR
    CHILDREN, YOUTH AND
    FAMILIES,
                    Respondent;

RALPH MM.,
                    Appellant.
_____

Calendar Date:  March 27, 2015

Before:  Garry, J.P., Egan Jr., Lynch and Clark, JJ.

                    _____


        Mitch Kessler, Cohoes, for appellant.

        Carly M. Mousseau, Albany County Department of Children,
Youth and Families, Albany, for respondent.

        Carol R. Stiglmeier, Albany, attorney for the children.

                    _____


Clark, J.

        Appeal from an order of the Family Court of Albany County
(Walsh, J.), entered January 6, 2014, which, among other things,
granted petitioner's application, in a proceeding pursuant to
Family Ct Act article 10, to adjudicate the subject children to
be, among other things, abused, severely abused and/or and
neglected.

Respondent is the biological father of two sons and a daughter, Ralph LL. (born in 2002), Ray LL. (born in 2006) and Antoinette LL. (born in 2011), and the stepfather of Aleria KK. (born in 1997). In May 2012, Ralph disclosed to his foster mother that respondent had sexually abused him and his siblings on multiple occasions.[1] In subsequent interviews, Aleria and Ray likewise disclosed sexual abuse by respondent, as well as incidents of excessive corporal punishment. Thus, in August 2012, petitioner commenced this proceeding pursuant to Family Ct Act article 10 alleging that respondent had abused and/or neglected the subject children. With leave of Family Court, petitioner thereafter modified the petition so as to seek findings of severe abuse against respondent.

A lengthy fact-finding hearing ensued, during the course of which Aleria provided sworn in-court testimony outside the presence of respondent, but with all counsel present and afforded a full opportunity to cross-examine her. Following the hearing, Family Court found that respondent abused Aleria, abused and neglected Ralph and Ray and severely abused Ralph. The court also made derivative findings of abuse, neglect and severe abuse regarding Antoinette and of severe abuse with respect to Ray. Respondent now appeals and we affirm.

We consider first respondent's argument that the proof was not sufficient to establish the multitude of findings against him. Specifically, respondent contends that Family Court's findings lack a sound and substantial basis in the record inasmuch as the proof adduced at trial demonstrated that he was incarcerated during the time when he was alleged to have sexually abused Aleria. He further contends that Ralph and Ray failed to adequately particularize the time periods in which the alleged acts of neglect and abuse against them took place.

Although Aleria was unable to recall with specificity the dates when respondent sexually abused her, she consistently described horrific acts of sexual abuse occurring years earlier

---

[1] The reason why the children were in foster homes is not apparent from the record before us.

and, in a written statement, was able to set forth a variety of contextual details that served to provide a general time period of abuse. Specifically, Aleria stated that respondent subjected her to acts of sexual abuse when Ralph was about three or four years old, her mother was pregnant with Ray and the family lived in the City of Schenectady, Schenectady County. She further stated that the abuse only stopped when respondent went to prison. Evidence at the hearing revealed that respondent was incarcerated in April 2004 and was released on either bail or parole from July 2004 through May 2005, January through August 2008, and May 2009 through May 2011. Notably, one of the aforementioned time periods corresponds to the time when Ralph would have been about three years old and Aleria's mother would have been pregnant with Ray, both of which were before respondent went to prison for 2½ years and while the family lived in Schenectady.

Moreover, there is no question that evidence of the exact dates that the abuse and/or neglect occurred is not required in order for petitioner to sustain its applicable burdens of proof in Family Ct Act article 10 proceedings (see Family Ct Act § 1046 [b] [i], [ii]). Rather, a child's ability to recall details — including, among other things, dates and times — goes to the credibility and weight given to the child's disclosures. In this regard, "Family Court's findings are entitled to great deference especially where the critical evidence is testimonial, in light of the court's ability to assess the witnesses' credibility, and should generally not be disturbed absent a conclusion that they lack a sound and substantial basis in the record" (Matter of Brandi U. v Jeffrey V., 47 AD3d 1103, 1104 [2008] [internal quotation marks and citations omitted]; accord Matter of Nathaniel TT., 265 AD2d 611, 614 [1999], lv denied 94 NY2d 757 [1999]; see Matter of Justin CC. [Tina CC.], 77 AD3d 1056, 1058 [2010], lv denied 16 NY3d 702 [2011]). The record before us contains corroborated allegations of horrendous, repeated acts of sexual and physical abuse perpetrated by respondent against his children and stepdaughter and, thus, we see no reason to depart from Family Court's finding that the allegations of severe abuse, abuse, neglect and derivative abuse and neglect were sufficiently proven.

Nor do we find that Family Court abused its discretion when it excluded respondent from the courtroom during Aleria's testimony. Although respondent is entitled to due process, he does not have an absolute right to be present at all stages of this civil proceeding (see Matter of Justin CC. [Tina CC.], 77 AD3d 207, 210 [2010]; Matter of Lindsey BB. [Ruth BB.], 70 AD3d 1205, 1207 [2010]; Matter of Robert U., 283 AD2d 689, 690-691 [2001]). "As such, in the context of a Family Ct Act article 10 proceeding, this Court has concluded that, '[i]n balancing the due process right of the accused with the mental and emotional well-being of the child, a court may . . . exclude the respondent during the child's testimony but allow his [or her] attorney to be present and question the child'" (Matter of Justin CC. [Tina CC.] 77 AD3d at 210, quoting Matter of Christa H., 267 AD2d 586, 587 [1999]). Accordingly, after having properly balanced respondent's interests with the impact of his presence in the courtroom on Aleria's emotional state and well-being, Family Court's decision to permit her to testify outside of respondent's presence was an appropriate exercise of discretion.

Finally, to the extent it is preserved, respondent's remaining contention is without merit.

Garry, J.P., Egan Jr. and Lynch, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court