*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: March 31, 2016          520606
                                             521040
_____

In the Matter of DESIREA F.,
   a Neglected Child.

ST. LAWRENCE COUNTY DEPARTMENT
   OF SOCIAL SERVICES,                    MEMORANDUM AND ORDER
                    Respondent;

ANGELA F.,
                    Appellant.

(And Another Related Proceeding.)
_____

Calendar Date:  January 14, 2016

Before:  McCarthy, J.P., Garry, Lynch, Devine and Clark, JJ.

                      _____

        Susan Patnode, Rural Law Center of New York, Castleton
(Cynthia Feathers of counsel), for appellant.

        David D. Willer, St. Lawrence County Department of Social
Services, Canton, for respondent.

        Reginald Bedell, Elizabethown, attorney for the children.

                      _____

Lynch, J.

        Appeals (1) from two orders of the Family Court of St.
Lawrence County (Morris, J.), entered January 6, 2015, which, in
two proceedings pursuant to Family Ct Act articles 10 and 10-a,
issued orders of protection, and (2) from two orders of said
court, entered April 8, 2015, which, in two proceedings pursuant
to Family Ct Act articles 10 and 10-A, among other things,

continued the permanency plan of adoption for respondent's children.

Respondent is the mother of a son (born in 2003) and a daughter (born in 2005), who are the subject of two permanent neglect proceedings commenced in February 2014, which, based on the record, appear to remain pending. There is an extensive history of litigation between the parties, continuing since the children were adjudicated to be neglected in 2004 and 2006 (see Matter of Dakota F. [Angela F.], 110 AD3d 1151, 1152 [2013], lv denied 22 NY3d 1015 [2013]; Matter of Dakota F. [Angela F.], 92 AD3d 1097, 1098 [2012]). Following a permanency hearing in January 2015, Family Court continued the permanency plan of adoption for both children, extended placement until the next permanency hearing scheduled for June 2015 and issued corresponding orders of protection prohibiting respondent until July 9, 2015 from having any contact with the children and from leaving the county without court permission. Notably, the children have been residing with foster parents in Pennsylvania since 2011, and have not had contact with respondent since July 2011. In a separate appeal in Matter of Desirea F. (Angela F.) (136 AD3d 1074, 1076-1077 [2016]), we recently determined that Family Court erred by changing the permanency goal to adoption back in June 2014, and we remitted the matter for further proceedings before Family Court. That determination has rendered the instant appeals from the permanency orders moot (see Matter of Jadalynn HH. [Roy HH.], 135 AD3d 1089, 1089 [2016]). We further conclude that since the orders of protection have expired by their own terms, do not specify that respondent committed a family offense and have been superceded by subsequent orders, the appeals from the orders of protection are also moot (see Matter of Ashlyn Q. [Talia R.], 130 AD3d 1166, 1169 [2015]; compare Matter of Veronica P. v Radcliff A., 24 NY3d 668, 671 [2015]; Matter of Justin A. [Derek C.], 133 AD3d 1106, 1108-1109 [2015]).

We note our ongoing concern that respondent continues to appear pro se in these proceedings before Family Court, without any elaboration on the record as to her reasons for proceeding without counsel. We further take this opportunity to observe that, as part of the permanency hearing, Family Court was

required to conduct an "age[-]appropriate consultation with the child[ren]" (Family Ct Act § 1089 [d]; see Matter of Julian P. [Melissa P.—Zachary L.], 106 AD3d 1383, 1385 [2013]; Matter of Dakota F. [Angela F.], 92 AD3d at 1098), and that, contrary to respondent's contention, a respondent does not have an absolute right to be present at such consultations (see Matter of Aleria KK. [Ralph MM.], 127 AD3d 1525, 1527 [2015], lv dismissed 25 NY3d 1193 [2015]; Matter of Justin CC. [Tina CC.], 77 AD3d 207, 210 [2010]; Matter of Lindsey BB. [Ruth BB.], 70 AD3d 1205, 1207 [2010]). However, before excluding a respondent from the consultation, a court is required to expressly balance the interests of the respondent in being present against the impact that the respondent's presence would have on the mental and emotional well-being of the children (see Matter of Aleria KK. [Ralph MM.], 127 AD3d at 1527; Matter of Justin CC. [Tina CC.], 77 AD3d at 210-211, 211 n 2; Matter of Robert U., 283 AD2d 689, 690-691 [2001]).

Here, the attorney for the children informed Family Court that the children wished to speak with the court outside of respondent's presence. Over respondent's objection, and without engaging in the required balancing test on the record, the court conducted the consultation with only the attorney for the children present. Absent an on-the-record balancing of the children's interests against respondent's interests, Family Court improperly excluded respondent from the consultation. Furthermore, the court erred in advising the children that the statements they made during the consultation would remain confidential (see Matter of Justin CC. [Tina CC.], 77 AD3d at 212-213).

McCarthy, J.P., Garry, Devine and Clark, JJ., concur.

ORDERED that the appeals are dismissed, as moot, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court