█ In the Matter of EMILY R. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARTIN C., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of SEAN C. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARTIN C., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of YVELISSE C. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARTIN C., Appellant, et al., Respondent. (Proceeding No. 3.) [35 NYS3d 157]—

Appeals from (1) an order of fact-finding of the Family Court, Suffolk County (Caren Loguercio, J.), dated July 16, 2015, and (2) an order of disposition of that court dated July 31, 2015. The order of fact-finding found, after a hearing, that the father neglected the children Emily R. and Yvelisse C., and derivatively neglected the child Sean C. The order of disposition, inter alia, directed the father to have only supervised visitation with the children Yvelisse C. and Sean C., and to have no visitation with the child Emily R. until her 18th birthday.

Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

The Suffolk County Department of Social Services (hereinaf-

ter the DSS) commenced these neglect proceedings pursuant to Family Court Act article 10. In an order of fact-finding dated July 16, 2015, the Family Court found, after a hearing, that the father neglected the two older children, Emily R. and Yvelisse C., based on his abuse of alcohol, and derivatively neglected the youngest child, Sean C. In an order of disposition dated July 31, 2015, the Family Court directed the father to have only supervised visitation with the children Yvelisse C. and Sean C., and to have no visitation with the child Emily R. until her 18th birthday, placed the father under the supervision of the DSS for one year, and directed the father to participate in a substance abuse rehabilitation program and parenting skills program, at the direction of the DSS. The father appeals.

The Family Court did not improvidently exercise its discretion in permitting one of the children who is the subject of the petition to testify from a position within the courtroom from which she could be heard but not seen, while the father and his attorney were both present in the courtroom. In so ruling, the Family Court properly balanced the father's right to due process with the interests of the emotional health of that child witness (*see Matter of Aleria KK. [Ralph MM.]*, 127 AD3d 1525 [2015]; *Matter of Justin CC. [Tina CC.]*, 77 AD3d 207, 210 [2010]).

The DSS established by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]) that the father neglected the children Emily R. and Yvelisse C. based on his abuse of alcohol, which led to emotional and mental impairment of those children or the imminent danger thereof. Accordingly, the Family Court properly found that the father neglected those two children (*see* Family Ct Act § 1012 [f]; *Matter of Alaysha E. [John R.E.]*, 94 AD3d 988, 989 [2012]; *Matter of Tylasia B. [Wayne B.]*, 72 AD3d 1074 [2010]; *Matter of Samara M.*, 19 AD3d 214 [2005]).

The Family Court also properly found that the evidence of the father's neglect of the children Emily R. and Yvelisse C., as well as the evidence of his fundamental defect in his understanding of the duties of parenthood, established derivative neglect of the child Sean C. (*see* Family Ct Act § 1046 [a] [i]; *Matter of Anastasia L.-D. [Ronald D.]*, 113 AD3d 685, 687 [2014]; *Matter of Raima W.*, 59 AD3d 633 [2009]). Leventhal, J.P., Miller, Duffy and Connolly, JJ., concur.