Matter of Shawanda P. (Elliot J.) (2018 NY Slip Op 03684)





Matter of Shawanda P. (Elliot J.)


2018 NY Slip Op 03684


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-09897
 (Docket Nos. N-5121-15, N-5122-15)

[*1]In the Matter of Shawanda P. (Anonymous). Administration for Children's Services, respondent; Elliot J. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Shanika P. (Anonymous). Administration for Children's Services, respondent; Elliot J. (Anonymous), appellant. (Proceeding No. 2)


Daniel E. Lubetsky, Jamaica, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Claude S. Platton and Melanie T. West of counsel), for respondent.
Joseph A. Fredericks, N. Bellmore, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the father appeals from an order of fact-finding of the Family Court, Queens County (Connie Gonzalez, J.), dated May 12, 2016. The order, after a fact-finding hearing, found that the father neglected the subject children.
ORDERED that the order of fact-finding is affirmed, without costs or disbursements.
In these related proceedings pursuant to Family Court Act article 10, the Family Court issued an order of fact-finding in which it found that the father neglected the subject children (see Family Ct Act § 1012[f][i][B]). The father appeals.
The Family Court's finding that the father neglected the children was supported by a preponderance of the evidence (see Matter of Emily R. [Martin C.], 140 AD3d 1074). The court, which saw and heard the witnesses, properly determined that the children's out-of-court statements regarding the father's conduct and alcohol consumption were sufficiently corroborated (see Family Ct Act § 1046[a][vi]; Matter of Maya B. [Muke B.], 156 AD3d 784).
The father's remaining contentions are without merit.
MASTRO, J.P., BALKIN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court