Matter of Bryce E. W. (Tiffany J. V.) (2021 NY Slip Op 02167)





Matter of Bryce E. W. (Tiffany J. V.)


2021 NY Slip Op 02167


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2020-00525
 (Docket No. N-27477-18)

[*1]In the Matter of Bryce E. W. (Anonymous). Administration for Children's Services, petitioner-respondent; Tiffany J.. (Anonymous), appellant, et al., respondent.


Brooklyn Defender Services - Family Defense Practice, Brooklyn, NY (Amy Mulzer, Heather Stoloff, and Sidley Austin, LLP [Symone M. Yancey], of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (John Moore of counsel), for Administration for Children's Services (no brief filed).
Cheryl Charles-Duval, Brooklyn, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of fact-finding and disposition of the Family Court, Kings County (Ben Darvil, Jr., J.), dated December 19, 2019. The order, insofar as appealed from, upon the mother's consent to the entry of an order of fact-finding, without admission, that the mother abused the subject child, and after a dispositional hearing, placed the child in the custody of his paternal great aunt until the completion of the next permanency hearing.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The Administration for Children's Services (hereinafter ACS) commenced a proceeding against the mother and the father pursuant to Family Court Act article 10 alleging that they had abused the subject child by inflicting excessive corporal punishment on him. The child was temporarily placed in the custody of a paternal great aunt. The mother, as well as ACS and the child's attorney, subsequently consented to the entry of an order of fact-finding without admission pursuant to Family Court Act § 1051(a). After a dispositional hearing, the Family Court determined, inter alia, that it was in the best interests of the child to continue his placement with the paternal great aunt until the completion of the next permanency hearing. The mother appeals.
At the dispositional phase of a child protective proceeding, the court "must be concerned only with the best interests of the child" (Matter of Star Leslie W., 63 NY2d 136, 147; see Matter of Brysen A. [Bryan A.], 161 AD3d 850, 851-852). Contrary to the mother's contention, the Family Court's determination that it was in the child's best interests to temporarily continue his placement with the paternal great aunt until the completion of the next permanency hearing has a [*2]sound and substantial basis in the record and will not be disturbed (see Family Ct Act § 1055).
The Family Court did not deprive the mother of her right to due process at the dispositional stage of the proceeding by interviewing the child in camera outside of the presence of either the mother or her counsel. At the fact-finding stage of a child protective proceeding, the due process rights of the party accused of abuse or neglect must be carefully balanced against the mental and emotional well-being of the child witness (see Matter of Emily R. [Martin C.], 140 AD3d 1074, 1075; Matter of Justin CC. [Tina CC.], 77 AD3d 207, 210). By contrast, at the dispositional hearing, where the court's sole focus is the best interests of the child, the court "has ample inherent discretionary power" (Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 183) to conduct the proceedings so as to "avoid placing an unjustifiable emotional burden" on the child while allowing the child to "speak freely and candidly" (Matter of Lincoln v Lincoln, 24 NY2d 270, 272). Here, the court providently exercised its discretion in conducting an in camera interview with the child outside of the presence of either the mother or her counsel, after allowing the mother's counsel to submit to the court proposed questions for the interview.
Accordingly, we affirm the order insofar as appealed from.
CHAMBERS, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court