■ In the Matter of BRANDI U. and Others, Children Alleged to be Abused and/or Neglected. MADISON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JEFFREY V., Appellant. [849 NYS2d 710]—

Mercure, J.P. Appeal from an order of the Family Court of Madison County (McDermott, J.), entered January 16, 2007, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's children to be abused and/or neglected.

In May 2006, petitioner commenced this proceeding seeking to have respondent's daughter (born in 1991) (hereinafter the child) adjudicated to be abused and to have her siblings (born in 1995, 2002 and 2004) adjudicated derivatively neglected, based upon allegations that respondent, the children's father, had sexually abused the child. At the fact-finding hearing, petitioner introduced a written statement that was given by the child to police and described a specific incident of sexual intercourse that took place in April 2006, as well as prior sexual abuse. In addition, petitioner presented testimony from the child and from a child protective services caseworker.

At the conclusion of the hearing, Family Court found the child to be abused and her siblings to be derivatively neglected. Following a dispositional hearing, the court ordered that the child remain in the custody of her maternal grandparents,

released the child's siblings to the custody of their mother, directed that petitioner supervise respondent for 12 months, and permitted respondent to have supervised visitation with the child's siblings. Respondent now appeals, arguing that the determination that the child was abused lacks a credible basis in the record. We disagree.

Initially, we note that a finding of abuse or neglect by Family Court must be upheld if supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of Kaitlyn R.*, 267 AD2d 894, 896 [1999]). Furthermore, "Family Court's findings are entitled to great deference especially where the critical evidence is testimonial, in light of the court's ability to assess the witnesses' credibility, and should generally not be disturbed absent a conclusion that they lack a sound and substantial basis in the record" (*Matter of Nathaniel TT.*, 265 AD2d 611, 614 [1999], *lv denied* 94 NY2d 757 [1999] [citations omitted]; *see Matter of Christian F.*, 42 AD3d 716, 717 [2007]; *Matter of Guy UU.*, 200 AD2d 852, 852 [1994]). Respondent concedes that the child's sworn testimony at the hearing corroborated her unsworn out-of-court statements describing the abuse (*see Matter of Christina F.*, 74 NY2d 532, 536-537 [1989]), and that the sole issue is whether Family Court properly credited the child's testimony. In our view, although there were some minor inconsistencies in the child's testimony, it cannot be said that Family Court erred in crediting that testimony. Inasmuch as the record provides a sound and substantial basis for the court's determination, we will not disturb it here.

Peters, Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.