## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  January 8, 2015                518665
_____

In the Matter of TIARRA D.,
   Alleged to be a Severely
   Abused and/or Neglected
   Child.

WASHINGTON COUNTY DEPARTMENT OF
   SOCIAL SERVICES,                          MEMORANDUM AND ORDER
               Appellant-
               Respondent;

PHILIP C.,

               Respondent-
               Appellant.

_____


Calendar Date:  November 12, 2014

Before:  Peters, P.J., Lahtinen, Garry, Rose and Lynch, JJ.

_____


    Roger A. Wicks, County Attorney, Fort Edward (Daniel S. Martindale of counsel), for appellant-respondent.

    Cynthia Feathers, Glens Falls, for respondent-appellant.

    Timothy M. Bulger, Greenwich, attorney for the child.

_____


Lahtinen, J.

    Cross appeals from an order of the Family Court of Washington County (Pritzker, J.), entered January 2, 2014, which, among other things, partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject child to be severely abused and/or neglected.

Petitioner commenced this proceeding in June 2012 alleging that respondent had neglected and severely abused Tiarra D. (born in 2003). Respondent is the boyfriend of and resides with Tiarra's grandmother, who is the child's physical and legal custodian. Allegations included that respondent had sexual contact with the child and also that the child had sexual contact with another child while being supervised by respondent. Following a fact-finding hearing, Family Court found that the child had been abused[1] and neglected by respondent, but not severely abused. Petitioner appeals from so much of Family Court's order as dismissed its allegations that Tiarra was severely abused, and respondent cross-appeals regarding the findings of abuse and neglect.

We consider first respondent's argument that the proof was not sufficient to establish abuse and neglect. "[P]etitioner bore the burden of proving by a preponderance of the evidence that respondent abused and neglected the child[]" (Matter of Joshua QQ., 290 AD2d 842, 843 [2002]). A caseworker employed by petitioner testified regarding her interview with the child in which the child gave detailed descriptions — aided by drawings and toy dolls — of the various sexual contact to which she was subjected by respondent. The physician who had examined the child testified that she observed a scar in the child's vaginal opening that was consistent with sexual abuse by a male at least 12 years of age or older. Conflicting proof was presented in that the child later recanted her allegations about respondent, two therapists opined that the child had made up the story about respondent and respondent denied engaging in the alleged conduct.

"[T]he reliability of the corroboration, as well as issues of credibility, are matters entrusted to the sound discretion of Family Court and will not be disturbed unless clearly unsupported by the record" (Matter of Justin CC. [Tina CC.], 77 AD3d 1056, 1057 [2010], lv denied 16 NY3d 702 [2011]). Moreover, "[t]he credibility issues raised by the child's recantation also were for Family Court to resolve in the exercise of its broad

---

[1] Although abuse was not specifically alleged in the original petition, it was added without objection.

discretion" (Matter of Caitlyn U., 46 AD3d 1144, 1146 [2007]; see Matter of Kayla N., 41 AD3d 920, 922 [2007]). Family Court explained at length the evidence that it found preponderated in favor of petitioner and made many specific credibility determinations, including that petitioner's caseworker was "highly credible," the physician was "highly credible and compelling" and respondent's testimony was "not credible." The court discussed the evidence that corroborated the child's initial version of events and also determined that the child's recantation stemmed, in part, from fear of being alienated from her family. We cannot say that Family Court abused its discretion in its credibility determinations and, given those determinations, the evidence in the record sufficiently supports its findings of abuse and neglect.

Respondent further contends that his application for funds to hire an expert should have been granted. Family Court set forth ample reasons and did not abuse its discretion in denying respondent's request pursuant to County Law § 722-c, which was not made until after the hearing had started, to authorize payment of $3,500 to retain a medical expert. The application established neither necessity nor extraordinary circumstances (see People v Clarke, 110 AD3d 1341, 1342 [2013], lv denied 22 NY3d 1197 [2014]; People v Brown, 67 AD3d 1369, 1370 [2009], lv denied 14 NY3d 886 [2010]; People v Dearstyne, 305 AD2d 850, 852-853 [2003], lv denied 100 NY2d 593 [2003]).

Petitioner argues that Family Court erred in determining that severe abuse could not be found because respondent was not a parent of the child. The statute regarding severe abuse repeatedly refers to a child's "parent" (Social Services Law § 384-b [8]), whereas abuse and neglect include, in addition to a parent, any "other person legally responsible for a child's care" (Family Ct Act § 1012 [a]). We have previously stated that, under the current statutory language, "severe abuse requires acts committed by a parent" (Matter of Nicholas S. [John T.], 107 AD3d 1307, 1311 n 3 [2013], lv denied 22 NY3d 854 [2013])[2] and the

---

[2] We upheld a finding of severe abuse involving a nonparent in Matter of Ramsey H. [Benjamin K.] (99 AD3d 1040 [2012], lv

Second Department has held similarly (see Matter of Leonardo V., Jr. [Leonardo V.], 95 AD3d 1343, 1345 [2012]). Although Family Court and petitioner articulated policy reasons that may support extending severe abuse to a nonparent who is legally responsible for a child's care, such an extension is for the Legislature.

Peters, P.J., Garry, Rose and Lynch, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

denied 20 NY3d 858 [2013]); however, the respondent in that case did not challenge the applicability of severe abuse to a nonparent.