*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 26, 2015                    519214
_____

In the Matter of MAKAYA H.
    and Another, Alleged to be
    Abused, Severely Abused
    and/or Neglected Children.

WASHINGTON COUNTY DEPARTMENT          MEMORANDUM AND ORDER
    OF SOCIAL SERVICES,
                        Appellant;

JORGE J.,
                        Respondent.
_____

Calendar Date:  January 13, 2015

Before:  Peters, P.J., Rose, Egan Jr. and Clark, JJ.

——————————

        Roger A. Wickes, County Attorney, Fort Edward (Daniel S.
Martindale of counsel), for appellant.

        Michael J. Mercure, Public Defender, Fort Edward (Andrew J.
Messersmith of counsel), for respondent.

        Timothy M. Bulger, Greenwich, attorney the child.

        D. Alan Wrigley Jr., Cambridge, attorney for the child.

——————————

Clark, J.

        Appeal from an amended order of the Supreme Court
(Pritzker, J.), entered March 13, 2014 in Washington County,
which, upon reargument, in a proceeding pursuant to Family Ct Act
article 10, partially denied petitioner's motion for summary
judgment.

Respondent and his wife are the parents of Makaya (born in 2005), and his wife is the physical custodian of her daughter Viviana (born in 2001). Petitioner received a report that, in December 2011, respondent had physically and sexually abused Viviana. Following an investigation, petitioner commenced the present proceeding, alleging that respondent had severely abused and neglected Viviana, and had derivatively severely abused and neglected Makaya. The investigation also resulted in respondent facing criminal charges stemming from the alleged sexual abuse.

The record reflects that, in resolution of the pending criminal charges, respondent entered an Alford plea to one count of criminal sexual act in the first degree. Petitioner relied upon that plea in moving for summary judgment as to the fact-finding portion of the present proceeding. Family Court (Pritzker, J.) granted the motion in May 2013 and, in so doing, adjudicated Viviana to be severely abused and Makaya to be neglected. Petitioner then noted that it had sought an adjudication of derivative severe abuse with regard to Makaya, and requested that Family Court issue an amended decision addressing that issue. Family Court responded by expressing its doubt as to whether the underlying adjudication of severe abuse was permissible because Viviana was not respondent's daughter, and gave the parties an opportunity to comment on that proposition. Judge Pritzker was subsequently elected to Supreme Court and retained jurisdiction over the present proceeding. Supreme Court then issued an amended order in which it treated petitioner's request as a motion to reargue, partially granted said motion, and adjudicated Viviana to be an abused child. Supreme Court further directed that a hearing be held to determine the derivative claims with regard to Makaya. Petitioner appeals from the amended order.

Petitioner initially contends that Supreme Court should not have treated its letter requesting the issuance of an amended order as a motion to reargue (see CPLR 2221 [d]). Assuming without deciding that petitioner is correct, Supreme Court was nevertheless empowered to revisit its original order "[f]or good cause shown and after due notice" (Family Ct Act § 1061). Inasmuch as Supreme Court discerned a mistake of law in its original order and gave the parties ample opportunity to comment

on the issue, we perceive no error in its issuance of an amended order (see Family Ct Act § 1061; Matter of Angelina AA., 222 AD2d 967, 968-969 [1995]; Matter of Chendo O., 193 AD2d 1083, 1084-1085 [1993]).

Contrary to petitioner's further contention, because respondent "is not the parent of [Viviana], and accordingly, no issue is raised with respect to the termination of [his] parental rights as to [Viviana], he could not be found to have severely abused her within the meaning of" Social Services Law § 384-b (8) (a) (ii) (Matter of Leonardo V., Jr. [Leonardo V.], 95 AD3d 1343, 1345 [2012]; see Matter of Tiarra D. [Philip C.], ___ AD3d ___, ___, 2015 NY Slip Op 00272, *2-3 [2015];  Matter of Nicholas S. [John T.], 107 AD3d 1307, 1311 n 3 [2013], lv denied 22 NY3d 854 [2013]).  Petitioner argues that this rule is a departure from our prior precedent and should not be applied retroactively, pointing to a previous case in which this Court upheld a finding of severe abuse involving a nonparent (see Matter of Ramsey H. [Benjamin K.], 99 AD3d 1040 [2012], lv denied 20 NY3d 858 [2013]).  We do not agree, for the simple reason that "the respondent in that case did not challenge the applicability of severe abuse to a nonparent" (Matter of Tiarra D. [Philip C.], 2015 NY Slip Op 00272, at *3 n 2).

As a final matter, petitioner asserts that Supreme Court erred in finding questions of fact and ordering a hearing with regard to the derivative claims involving Makaya.  Supreme Court determined during the pendency of this appeal, however, that Makaya was derivatively severely abused, abused and neglected (see e.g. Matter of Marino S., 100 NY2d 361, 373-375 [2003], cert denied 540 US 1059 [2003]).  Thus, any challenge to Supreme Court's failure to resolve those issues has been rendered moot and need not be addressed (see Matter of Adirondack Moose Riv. Commn. v Board of Black Riv. Regulating Dist., 301 NY 219, 222-223 [1950]; Matter of Mary YY. [Albert YY.], 98 AD3d 1198, 1198 [2012]).

Peters, P.J., Rose and Egan Jr., JJ., concur.

-4-                          519214

ORDERED that the amended order is affirmed, without costs.



                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court