*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 2, 2015                    519370
_____

In the Matter of BRETT DD.
    and Others, Alleged to be
    Abused, Severely Abused
    and/or Neglected Children.

WASHINGTON COUNTY DEPARTMENT              MEMORANDUM AND ORDER
    OF SOCIAL SERVICES,
                        Appellant;

KEVIN DD.,
                        Respondent.
_____

Calendar Date:   February 9, 2015

Before:   Lahtinen, J.P., McCarthy, Egan Jr. and Clark, JJ.

_____

        Roger A. Wickes, County Attorney, Fort Edward (Daniel S. Martindale of counsel), for appellant.

        Michael J. Mercure, Public Defender, Fort Edward (Andrew J. Messersmith of counsel), for respondent.

        Elena Tastensen, Saratoga Springs, attorney for the children.

_____

Clark, J.

        Appeal from that part of an order of the Supreme Court (Pritzker, J.), entered May 21, 2014 in Washington County, which, in a proceeding pursuant to Family Ct Act article 10, partially denied petitioner's motion for summary judgment.

At the time of the incident giving rise to the instant proceeding, respondent was the live-in boyfriend of Alexandria EE. (hereinafter the mother), who is the biological mother of Kiaunte EE. (born in 2009), Matthew EE. (born in 2011) and the now-deceased Brett DD. (born in 2013). Respondent is not the father of any of the mother's children.[1] On August 11, 2013, the mother went to run errands with Kiaunte while Matthew and Brett remained home with respondent. Before the mother's return, Brett began to cry, which so frustrated respondent – who was playing a video game – that he grabbed the infant child around his ribs, violently shook him and then slammed him to the floor. As a result, Brett suffered severe injuries and died after being airlifted to a hospital.

After an investigation into the circumstances of Brett's death, respondent was criminally charged and ultimately pleaded guilty to manslaughter in the first degree. Meanwhile, petitioner commenced the instant proceeding seeking a determination that respondent abused, severely abused and neglected Brett, and derivatively committed the same offenses against Kiaunte and Matthew. Relying upon respondent's guilty plea, petitioner moved for summary judgment. Supreme Court thereafter issued a combined fact-finding order and order of disposition granting summary judgment on the portion of petitioner's motion seeking a determination of abuse and neglect as to each of the three children, but denying the portion that sought determinations of severe abuse. Petitioner now appeals.

Contrary to petitioner's contention, because respondent was "not the parent of [Brett], and accordingly, no issue is raised with respect to the termination of [his] parental rights as to

_____

[1] Notably, respondent believed himself to be Brett's father. However, during the investigation leading up to the criminal prosecution of respondent that preceded the instant proceeding, it was apparently discovered that Brett was not respondent's biological child. Because of statutory constraints, as discussed below, respondent's belief that he was the father of Brett has no bearing on our analysis herein (see Social Services Law § 384-b [8] [a]).

[Brett], he could not be found to have severely abused [Brett] within the meaning of" Social Services Law § 384-b (8) (a) (i) (Matter of Leonardo V., Jr. [Leonardo V.], 95 AD3d 1343, 1345 [2012]; see Matter of Tiarra D. [Philip C.], 124 AD3d 973, 975 [2015]; Matter of Nicholas S. [John T.], 107 AD3d 1307, 1311 n 3 [2013], lv denied 22 NY3d 854 [2013]).  For the same reason, respondent could not be found to have derivatively severely abused either Kiaunte or Matthew (see id.; see also Social Services Law § 384-b [8] [a] [iii] [A]).  While we do not disagree that respondent's conduct here was beyond reprehensible, his depravity does not overcome the lack of a biological relationship with any of the mother's children, which is necessary for a finding of severe abuse under our law.

Lahtinen, J.P., McCarthy and Egan Jr., JJ., concur.


ORDERED that the order is affirmed, without costs.




ENTER:


Robert D. Mayberger
Clerk of the Court