■ In the Matter of KAYLENE H. and Others, Children Alleged to be Abused. BRENDA P.H., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [20 NYS3d 15]—

Order of disposition, Family Court, New York County (Susan K. Knipps, J.), entered on or about August 18, 2014, which, to the extent appealed from as limited by the briefs, brings up for review a fact-finding order, same court and Judge, entered on or about June 30, 2014, which found that respondent Brenda P.H. severely abused one of her daughters and derivatively severely abused the four other subject children, unanimously modified, on the law, to vacate the finding of derivative severe abuse as to the subject children Crystal H. and Jewel H., and otherwise affirmed, without costs. Appeal from the fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.

Petitioner satisfied its burden of making an initial prima facie showing of severe abuse (*see Matter of Philip M.*, 82 NY2d 238, 244 [1993]). Petitioner introduced medical testimony

establishing that the subject child, Zylah P., had sustained a fractured femur and fractured vertebrae which required spinal surgery, that was "of such a nature as would ordinarily not be sustained or exist except by reason of the acts or omissions of the parent or other person responsible for the care of such child" (Family Ct Act § 1046 [a] [ii]; *see Matter of Vivienne Bobbi-Hadiya S. [Makena Asanta Malika McK.]*, 126 AD3d 545, 546 [1st Dept 2015], *lv denied* 25 NY3d 1064 [2015]). The mother proffered explanations for these injuries which were implausible or otherwise unreasonable.

Having determined that Zylah was severely abused, Family Court's findings of derivative abuse as to the mother's other two daughters, Kaylene H. and Amaya A., was proper, as her actions demonstrated that she had a fundamental defect in her understanding of her parental obligations (*see Matter of Marino S.*, 100 NY2d 361, 374 [2003], *cert denied* 540 US 1059 [2003]; *and see Matter of Brandon M. [Luis M.]*, 94 AD3d 520 [1st Dept 2012]).

However, since severe abuse requires acts committed by a parent (*Matter of Tiarra D. [Philip C.]*, 124 AD3d 973 [3d Dept 2015]; Social Services Law § 384-b [8] [a] [i]), and the mother was not the biological parent of either Jewel H. or Crystal H., the findings of derivative severe abuse must be vacated as the Administration for Children's Services admits on appeal (*see Matter of Brett DD. [Kevin DD.]*, 127 AD3d 1306, 1307-1308 [3d Dept 2015], *lv denied* 25 NY3d 908 [2015]). Concur—Tom, J.P., Saxe, Richter and Gische, JJ.