## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:   June 2, 2016                    520625
_____

In the Matter of DANIEL XX.
   and Others, Alleged to be
   Abused and/or Neglected
   Children.

SULLIVAN COUNTY DEPARTMENT OF
   FAMILY SERVICES,                           MEMORANDUM AND ORDER
              Respondent;

DANIEL F.,
              Appellant.
_____


Calendar Date:   April 25, 2016

Before:   Lahtinen, J.P., Rose, Lynch, Clark and Aarons, JJ.

_____


     Law Office of Benjamin Greenwald, New Windsor (Christopher
J. Cardinale of counsel), for appellant.

     Constantina Hart, Sullivan County Department of Family
Services, Monticello, for respondent.

     Isabelle Rawich, South Fallsburg, attorney for the
children.

     Pattie Leibowitz, Monticello, attorney for the child.

_____


Lahtinen, J.P.

     Appeal from an order of the Family Court of Sullivan County
(McGuire, J.), entered March 20, 2014, which granted petitioner's
application, in a proceeding pursuant to Family Ct Act article
10, to adjudicate the subject children to be abused and/or

neglected.

Respondent is the biological father of a son (born in 2000) and the stepfather of two daughters (born in 1998 and 1999).[1]  In early 2013, the older daughter (hereinafter the child) told a school administrator that respondent had been subjecting her to sexual touching.  The administrator made a hotline report, prompting an investigation.  Petitioner eventually commenced this Family Ct Act article 10 proceeding.  A fact-finding hearing ensued and Family Court found that respondent had abused the child and derivatively neglected the other two children.  After the dispositional hearing, the court issued a no contact protective order regarding the two stepdaughters and suspended respondent's contact with his son pending compliance with certain conditions.  Respondent appeals.

We affirm.  In this Family Ct Act article 10 proceeding based on alleged sexual abuse, petitioner was required to prove by a preponderance of the evidence that respondent committed an act constituting a sexual crime under Penal Law article 130 (see Family Ct Act § 1012 [e] [iii]; Matter of Brooke KK. [Paul KK.], 69 AD3d 1059, 1060 [2010]).  "'Family Court's findings are entitled to great deference especially where the critical evidence is testimonial, in light of the court's ability to assess the witnesses' credibility, and should generally not be disturbed absent a conclusion that they lack a sound and substantial basis in the record'" (Matter of Aleria KK. [Ralph MM.], 127 AD3d 1525, 1527 [2015], lv dismissed, 25 NY3d 1193 [2015], quoting Matter of Brandi U., 47 AD3d 1103, 1104 [2008]).

Petitioner's proof included the in-court testimony of the child, who was 15 years old at the time she testified.  She described one incident of sexual abuse, which occurred during a family move in August 2012, when respondent was alone with her in the house, he took her shirt off, forced her to kneel and placed his penis between her breasts.  She recalled another time riding with him in his truck in February 2013 where he fondled her

_____

[1]  A third stepchild, a son, was over the age of 18 when this proceeding was commenced.

breast both over and then under her clothes. She further related that, starting when she was about 9 or 10 years old, on various occasions he would remove her pants or place his hand down her pants and touch her vagina. The child's therapist and the caseworker who investigated the reported abuse were also called as witnesses by petitioner.

Respondent testified and denied that he had sexually touched the child. He also called, among others, his wife, who is the child's mother, and she acknowledged that the child had not always been consistent in her claims about respondent. There were significant credibility questions presented by the proof and Family Court found the child to be a credible witness. We discern no reason to depart from those credibility determinations and, with such proof, the record supports Family Court's determination that respondent abused the child (see e.g. Matter of Penny Y. [Roxanne Z.], 129 AD3d 1117, 1118 [2015]; Matter of Miranda HH. [Thomas HH.], 80 AD3d 896, 899 [2011]).

The remaining arguments do not require extended discussion. With respect to respondent's argument that certain out-of-court statements by the child were not sufficiently corroborated, the child's in-court testimony regarding the relevant events provided ample corroboration (see Matter of Alaysha E. [John R.E.], 94 AD3d 988, 988-989 [2012]; Matter of Brandi U., 47 AD3d at 1104; Matter of Martha Z., 288 AD2d 706, 707 [2001]). The child's therapist acknowledged reviewing notes apparently to refresh her memory prior to testifying and, although Family Court should have granted respondent an opportunity to inspect such notes (see Family Ct Act § 1046 [a] [vii]; Jerome Prince, Richardson in Evidence § 6-215 [Farrell 11th ed 1995]), this evidentiary error was harmless in light of the inconsequential weight given to the therapist's testimony and the compelling proof of abuse (see Matter of Julian P. [Colleen Q.], 129 AD3d 1222, 1226 [2015]; Matter of Bentleigh O. [Jacqueline O.], 125 AD3d 1402, 1403 [2015], lv denied 25 NY3d 907 [2015]; Matter of Daniel BB., 26 AD3d 687, 689 [2006]). The finding of derivative neglect is supported by the repeated sexual abuse perpetrated by respondent over many years, which "demonstrate[d] such an impaired level of parental judgment as to create a substantial risk of harm for any child in his care" (Matter of Ian H., 42 AD3d 701, 704 [2007], lv

denied 9 NY3d 814 [2007] [internal quotation marks, brackets and citations omitted]; see Matter of Sabrina M., 6 AD3d 759, 761 [2004]).  Respondent's argument that his wife should not have been allowed to briefly testify about a sexual recording made by him and her was not properly preserved for our review with respect to the ground asserted on appeal (i.e., the best evidence rule).  The remaining arguments are unavailing.

Rose, Lynch, Clark and Aarons, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court