■ In the Matter of ANGEL P. and Another, Children Alleged to be Abused. JOSE C., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [65 NYS3d 495]—

Order of disposition, Family Court, Bronx County (Robert D. Hettleman, J.), entered on or about October 29, 2015, which, to

the extent appealed from as limited by the briefs, brings up for review a fact-finding order, same court and Judge, entered on or about October 29, 2015, which found that respondent Jose C. abused and severely abused Angel P., and derivatively abused and severely abused Diamond C., unanimously modified, on the law, to vacate the finding of severe abuse as to Angel P., and otherwise affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.

Family Court's determination that respondent was a person legally responsible for the care of Angel P. care is supported by a preponderance of the evidence (*see Matter of Keoni Daquan A. [Brandon W.—April A.]*, 91 AD3d 414, 415 [1st Dept 2012]). However, the court could not, at the time of the fact-finding order's entry, make a finding of severe abuse as to Angel P., because it is undisputed that respondent is not that child's parent (*see Matter of Kaylene H. [Brenda P.H.]*, 133 AD3d 477, 478 [1st Dept 2015]; *Matter of Brett DD. [Kevin DD.]*, 127 AD3d 1306, 1307-1308 [3d Dept 2015], *lv denied* 25 NY3d 908 [2015]). Contrary to petitioner's contention, the now amended Family Court Act § 1051 (e), which became effective after the fact-finding order was entered, may not be retroactively applied, as nothing in the legislative history establishes that the legislature intended for it to have retroactive effect, and the amendment clearly states that it was not to take effect until the 90th day after it was signed (*see Matter of Deutsch v Catherwood*, 31 NY2d 487, 489-490 [1973]; *Matter of Hays v Ward*, 179 AD2d 427, 429 [1st Dept 1992], *lv denied* 80 NY2d 754 [1992]).

Nonetheless, a preponderance of the evidence demonstrated that respondent abused Angel. The child's out-of-court statements, as recounted by his stepmother, the ACS caseworker, and the examining doctor were sufficiently corroborated by their observations of the child's injuries and his hospital records (*see Matter of Francini C. [Yasmin P.]*, 112 AD3d 532 [1st Dept 2013]).

Clear and convincing evidence demonstrated that respondent's actions constituted derivative abuse and derivative severe abuse of his biological child Diamond C., as his actions evinced depraved indifference to Angel P.'s life, and resulted in serious and protracted disfigurement (*see e.g. Matter of George S. [Hilton A.]*, 135 AD3d 563 [1st Dept 2016]; *People v Coote*, 110 AD3d 485 [1st Dept 2013], *lv denied* 22 NY3d 1198 [2014]).

The court properly drew a negative inference against respondent based upon his failure to testify at the fact-finding hearing, despite that a criminal case was pending against him at

the time of the hearing (*see Matter of Leah M. [Anthony M.]*, 81 AD3d 434 [1st Dept 2011]). Having reviewed the record, we conclude that respondent received effective assistance of counsel (*see Matter of Dylan R. [Jeremy T.]*, 137 AD3d 1492, 1495 [3d Dept 2016], *lv denied* 27 NY3d 912 [2016]), and Family Court did not err by failing to sua sponte adjourn the proceedings pending resolution of the related criminal action (*see Matter of Germaine B.*, 86 AD2d 847, 848 [1st Dept 1982]). Concur—Sweeny, J.P., Moskowitz, Kahn and Gesmer, JJ.