Matter of Kaydence O. (Destene P.) (2018 NY Slip Op 04045)





Matter of Kaydence O. (Destene P.)


2018 NY Slip Op 04045


Decided on June 7, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 7, 2018

523587

[*1]In the Matter of KAYDENCE O., Alleged to be an Abused, Severely Abused and/or Neglected Child. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DESTENE P., Appellant, et al., Respondent. (And Another Related Proceeding.)

Calendar Date: May 3, 2018

Before: McCarthy, J.P., Devine, Clark, Aarons and Pritzker, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
David D. Willer, St. Lawrence County Department of Social Services, Canton, for St. Lawrence County Department of Social Services, respondent.
Omshanti Parnes, Plattsburgh, attorney for the child.
Christine E. Nicolella, Delanson, attorney for the child.


Clark, J.

MEMORANDUM AND ORDER
Appeal from an order of the Family Court of St. Lawrence County (Richey, J.), entered July 7, 2016, which, among other things, granted petitioner's application, in two proceedings pursuant to Family Ct Act article 10, to adjudicate the subject children to be abused and/or neglected.
In December 2015, petitioner commenced these Family Ct Act article 10 proceedings alleging that Kaydence O. (born in 2003) and Sophia P. (born in 2014) had been abused, severely [*2]abused and/or neglected by respondent Sarah O. (hereinafter the mother) and her paramour, respondent Destene P. (hereinafter respondent), who is the father of the younger child, but not the older child. As relevant here, petitioner alleged that respondent committed the offenses of rape in the first degree and sexual abuse in the first degree against the older child and engaged in acts of domestic violence with the mother in the presence of both children. Following a fact-finding hearing, Family Court found, among other things, that respondent abused and neglected the older child and derivatively abused and derivatively neglected the younger child [FN1]. Respondent now appeals, arguing that Family Court's findings are not supported by a sound and substantial basis in the record.
To support a finding of sexual abuse, petitioner was required to prove, by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]), that respondent committed an act constituting a sexual crime under Penal Law article 130 (see Family Ct Act § 1012 [e] [iii] [A]; Matter of Daniel XX. [Daniel F.], 140 AD3d 1229, 1230 [2016]). Additionally, as relevant here, a finding of neglect requires proof that a child's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of . . . [a] person legally responsible for his [or her] care to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship" (Family Ct Act § 1012 [f] [i] [B]; see Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]).
At the fact-finding hearing, a State Police investigator testified that she interviewed the older child in November 2015 regarding the allegations of sexual abuse against respondent and that, at the conclusion of this interview, the child signed a sworn statement, which was ultimately admitted into evidence at the hearing. The investigator testified that, as memorialized in the child's sworn statement, the child disclosed four instances in which respondent forcibly subjected her to sexual contact, including an occasion when respondent rubbed his penis against her vagina and another instance when he inserted his penis into her vagina "just a little bit." Additionally, a child abuse pediatrician testified that, during her November 2015 examination of the child, the child disclosed that respondent had touched her in her vaginal and anal areas more than once and that respondent threatened that she would never see her mother again if she told. Further, the mother testified that the child sent her a text message in May 2015 stating that respondent had "hurt" her, but that she was not aware that the child was referring to sexual abuse until October 2015, when the mother was purportedly informed of the allegations of sexual abuse for the first time by one of petitioner's caseworkers. While that caseworker contradicted some of the mother's testimony, the caseworker also testified that she was informed by the mother that the child had, in some respect, disclosed the abuse by text message in May 2015.
Contrary to respondent's contention, the child's out-of-court allegations of sexual abuse — as testified to by the investigator, the child abuse pediatrician and the mother — were sufficiently corroborated by the child's detailed in-court testimony (see Matter of Branden P. [Corey P.], 90 AD3d 1186, 1188-1189 [2011]; Matter of Justin CC. [Tina CC.], 77 AD3d 1056, 1058 [2010], lv denied 16 NY3d 702 [2011]; Matter of Brandi U., 47 AD3d 1103, 1104 [2008]), which was substantially consistent with and, at times, identical to her prior out-of-court statements. Specifically, the child testified that respondent subjected her or attempted to subject her to sexual contact on four separate occasions when she was in the fifth grade. She stated that, [*3]on two of these occasions, respondent removed her clothing, but that she was able to stop him before he could proceed any further. She also stated that, on a different day, respondent got into her bed, removed her bottom clothing and "started rubbing [his penis] against [her] vagina." She stated that, during a fourth incident, while she was waiting for part of her softball uniform to dry, respondent came into her room, removed all of her clothes and "put his penis in [her] vagina just a little bit." The child testified to two additional instances when she was in the sixth grade in which respondent climbed into her bed in the middle of the night and unsuccessfully tried to remove her pajamas while he thought she was sleeping. The child further testified that she disclosed the sexual abuse to the mother when she was in the sixth grade, but that the mother did not believe her.
While respondent denied the allegations of sexual abuse and testified that he could not have committed the alleged acts because he had been physically incapacitated by a back injury during the relevant times, Family Court plainly rejected respondent's testimony. According appropriate deference to Family Court's findings and credibility determinations (see Matter of Jade F. [Ashley H.], 149 AD3d 1180, 1182 [2017]; Matter of Aleria KK. [Ralph MM.], 127 AD3d 1525, 1527 [2015], lv dismissed 25 NY3d 1193 [2015]), we find that there is a sound and substantial basis in the record to support Family Court's conclusion that respondent committed the offenses of rape in the first degree (see Penal Law § 130.35 [3]) and sexual abuse in the first degree (see Penal Law § 130.65 [3], [4]; Matter of Brooke KK. [Paul KK.], 69 AD3d 1059, 1061 [2010]). As such, we see no basis upon which to disturb Family Court's finding that respondent abused and neglected the older child (see Family Ct Act § 1012 [e], [f]; Matter of Daniel XX. [Daniel F.], 140 AD3d at 1231; Matter of Dylan R. [Jeremy T.], 137 AD3d 1492, 1494 [2016], lv denied 27 NY3d 912 [2016]; Matter of Tiarra D. [Philip C.], 124 AD3d 973, 974-975 [2015]).
Family Court's finding of neglect is further supported by evidence establishing that respondent and the mother regularly engaged in acts of domestic violence in the presence of one or both of the children. Initially, in challenging Family Court's finding in this respect, respondent argues that Family Court erred in allowing the older child and the maternal grandfather to testify as to the mother's out-of-court statements relating to certain acts of domestic violence. However, he failed to preserve this argument by objecting to the disputed testimony at the fact-finding hearing (see Matter of Paul CC. v Nicole DD., 151 AD3d 1235, 1237 [2017]; Matter of Britiny U. [Tara S.], 124 AD3d 964, 965 [2015]). Nevertheless, even if respondent's argument were preserved, we would find that the challenged testimony was admissible because the mother's out-of-court statements regarding the incidents of domestic violence were against her interest, as admissions of domestic violence can support a finding of neglect when accompanied by evidence establishing that the physical, mental or emotional condition of a child was impaired or in imminent danger of becoming impaired as a result of exposure to the domestic violence (see generally Nicholson v Scoppetta, 3 NY3d at 368-369; Matter of Ilona H. [Elton H.], 93 AD3d 1165, 1166-1167 [2012]).
Turning to the evidence, the older child testified that she witnessed respondent perpetrate acts of domestic violence against the mother on several prior occasions, including instances in which respondent choked the mother by picking her up by her throat, grabbed the mother's hair after pushing her to the ground and threatened to "gut" the mother. The older child also testified that she observed a cut on the mother's forehead — which required stitches — and that the mother had told her that respondent had caused the cut by throwing a lighter at her when he was "mad." The older child's testimony was consistent with accounts that she had previously given to two of petitioner's caseworkers, Marcel Almond and Jennifer Perryman. Both caseworkers testified that the older child had told them that the younger child had been accidentally struck during one of the episodes of domestic violence. Almond also testified that, [*4]according to the older child, the younger child would often cry during the mother and respondent's arguments. Perryman testified that the older child stated that she had been "terrified" by some of the violent episodes and that, in one particular instance, the violence had caused her to suffer a panic attack.
The maternal grandfather testified that the mother and respondent lived with him and his wife for a period of time. He stated that, although he had never witnessed respondent physically hurt the mother, he had observed bruises on the mother's body on several occasions, and the mother had disclosed to him specific instances of physical abuse perpetrated by respondent. According to the maternal grandfather, the mother stated that respondent beat her when she was pregnant with the younger child and that, on another occasion, respondent grabbed her and dragged her out of bed. The maternal grandfather and his wife also testified to an instance in which the police were called in response to an episode of domestic violence between the mother and respondent and that they observed the older child hyperventilating in the aftermath of that episode. The maternal grandfather's wife further testified that she heard respondent and the mother arguing one night and that when she went to check on them, respondent stated that the mother had tried to hit him, but had hit the younger child instead. Notwithstanding contrary testimony given by the mother and respondent, which Family Court discredited, the foregoing evidence amply supported a finding that respondent and the mother repeatedly engaged in acts of domestic violence in the presence of the children and that, on more than one occasion, such acts endangered the children's physical, mental and emotional well-being or placed their well-being at imminent risk of harm (see Matter of Stephanie RR. [Pedro RR.], 140 AD3d 1237, 1239-1240 [2016]; Matter of Cheyenne OO. [Cheyenne QQ.], 135 AD3d 1096, 1097-1098 [2016]; Matter of Paige AA. [Anthony AA.], 85 AD3d 1213, 1215-1216 [2011], lv denied 17 NY3d 708 [2011]), thereby providing an additional basis for Family Court's finding that respondent neglected the older child (see Family Ct Act § 1012 [f] [i] [B]).
Finally, there is a sound and substantial basis in the record to conclude that respondent's repeated sexual abuse of the older daughter, as well as the frequent acts of domestic violence that occurred between him and the mother in the presence of the children, demonstrates such an impaired level of judgment so as to place the younger child at a substantial risk while in his care (see Matter of Kaylin P. [Derval S.], 159 AD3d 658, 659 [2018]; Matter of Kylee R. [David R.], 154 AD3d 1089, 1090-1091 [2017], lv denied 30 NY3d 911 [2018]; Matter of Ramsey H. [Benjamin K.], 99 AD3d 1040, 1042 [2012], lv denied 20 NY3d 858 [2013]; Matter of Branden P. [Corey P.], 90 AD3d at 1189; Matter of Heather J., 244 AD2d 762, 764 [1997]). As such, we uphold Family Court's determination that respondent derivatively abused and neglected the younger child.
McCarthy, J.P., Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Family Court denied petitioner's request for a finding that respondent severely abused the older child on the basis that he was not her "parent" (Social Services Law § 384-b [8]; see Matter of Tiarra D. [Philip C.], 124 AD3d 973, 975 [2015]).