Matter of Heaven C.E. (Tiara C.--Maurice D.) (2018 NY Slip Op 06313)





Matter of Heaven C.E. (Tiara C.--Maurice D.)


2018 NY Slip Op 06313


Decided on September 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2018

Renwick, J.P., Gische, Mazzarelli, Kern, Moulton, JJ.


7153

[*1]In re Heaven C.E., and Another, Children Under Eighteen Years of Age, etc., Tiara C., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent, Maurice D., Respondent.


Larry S. Bachner, New York, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Rebecca L. Visgaitis of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Claire V. Merkine of counsel), attorney for the children.



Order of fact-finding and disposition (one paper), Family Court, Bronx County (Robert D. Hettleman, J.), entered on or about December 6, 2017, insofar as it determined, after a hearing, that respondent-appellant mother Tiara C. abused and severely abused Heaven C. and derivatively abused and severely abused Joseph C., unanimously affirmed, without costs.
Petitioner satisfied its burden of making an initial prima facie showing of severe abuse (Matter of Philip M., 82 NY2d 238, 243 [1993]). Expert testimony established by clear and convincing evidence that then three-year-old Heaven C. suffered from non-accidental injuries, including life-threatening brain trauma resulting in permanent brain damage, a fractured pelvis, and bruises, burns, and scars on her body. The court properly exercised its discretion in crediting the testimony of the child's treating physician, Doctor O'Hara, a board-certified pediatrician with a certification in child abuse. Doctor O'Hara opined to a reasonable degree of medical certainty that Heaven's brain trauma was caused by partial strangulation leading to a loss of blood flow, rather than another theory unrelated to abuse, based on the child's presentation of symptoms and constellation of other injuries, which were clearly inflicted.
Further, even assuming that the mother's live-in boyfriend alone inflicted these injuries, the mother remains culpable for permitting the abuse to occur (see Family Court Act § 1012[e][i]; Matter of Vivienne Bobbi-Hadiya S. [Makena Asanta Malika McK.], 126 AD3d 545, 546 [1st Dept 2015], lv denied 25 NY3d 909 [2015]). Given the nature and severity of the child's injuries, the mother was or should have been aware of the abuse. Moreover, the mother's delay in summoning emergency assistance for almost two hours after Heaven was found comatose further supports the finding of severe abuse (see Matter of Amirah L. [Candice J.]), 118 AD3d 792, 794 [2d Dept 2014]).
Having determined that Heaven was severely abused, the Family Court's finding of derivative severe abuse as to Joseph C. was proper, as the mother's actions demonstrated that she had a "fundamental defect in her understanding of her parental obligations" (Matter of Kaylene H. [Brenda P.H.], 133 AD3d 477, 478 [1st Dept 2015]; see Matter of Marino S., 100 NY2d 361, 374 [2003], cert denied sub nom. Marino S. v Angel Guardian Children & Family Servs., 540 US 1059 [2003]; Family Court Act § 1012[e][ii]). Contrary to the mother's contention, the Family [*2]Court did not err in drawing the most negative inference against her for her failure to testify where petitioner established its prima facie case of severe abuse (see Matter of Ashley M.V. [Victor V.], 106 AD3d 659, 660 [1st Dept 2013]).
We have considered the mother's remaining contentions, including her claim of ineffective assistance of counsel, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 27, 2018
CLERK