Matter of Alexandria F. (George R.) (2018 NY Slip Op 07122)





Matter of Alexandria F. (George R.)


2018 NY Slip Op 07122


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2016-10311
 (Docket Nos. N-10351-11, N-10352-11 N-10354-11, N-11059-12, N-11060-12, N-11061-12, V-9379-13, V-9380-13)

[*1]In the Matter of Alexandria F. (Anonymous). Nassau County Department of Social Services, respondent; George R. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Adalila R. (Anonymous). Nassau County Department of Social Services, respondent; George R. (Anonymous), appellant. (Proceeding No. 2)
In the Matter of George W. R. (Anonymous). Nassau County Department of Social Services, respondent; George R. (Anonymous), appellant. (Proceeding No. 3)
In the Matter of Adalila R.-S. (Anonymous), petitioner-appellant, George R. (Anonymous), respondent-appellant, et al., respondents. (Proceeding No. 4)


Amy L. Colvin, Huntington, NY, for George R., appellant in Proceedings Nos. 1-3
and respondent-appellant in Proceeding No. 4
Thomas T. Keating, White Plains, NY, for Adalila R.-S., petitioner-appellant in Proceeding No. 4.
Jared A. Kasschau, County Attorney, Mineola, NY (Christi Marie Kunzig of counsel), for respondent in Proceedings Nos. 1-3.
William A. Sheeckutz, East Meadow, NY, attorney for the children.



DECISION & ORDER
In consolidated proceedings pursuant to Family Court Act articles 6 and 10, George R. and Adalila R.-S. separately appeal from an order of the Family Court, Nassau County (Edmund M. Dane, J.), dated August 30, 2016. The order, after fact-finding and dispositional hearings, insofar [*2]as appealed from by George R., found that he severely abused the child Alexandria F. and derivatively abused the children Adalila R. and George W. R., and directed the issuance of orders of protection in favor of the children and against George R., to remain in effect until the children's respective 18th birthdays. The order, insofar as appealed from by Adalila R.-S., denied her petition for custody and access.
ORDERED that the order is modified, on the law, (1) by deleting the word "severe" from the finding made with respect to the child Alexandria F., and (2) by deleting the provision thereof directing the issuance of orders of protection in favor of the children Adalila R. and George W. R., and against George R., to remain in effect until the children's respective 18th birthdays; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, for further proceedings consistent herewith, to be held with all convenient speed; and it is further,
ORDERED that pending a new determination by the Family Court, Nassau County, the orders of protection in favor of the children Adalila R. and George W. R. and against George R. shall remain in effect.
These appeals concern the children Alexandria F., Adalila R., and George W. R., who were all born to the same mother. Although the mother remained married to John F. during all relevant times, it is undisputed that George R. is the biological father of the younger two children, Adalila R. and George W. R., and that George R. shared a household with all of the children and the mother.
In 2011, the Nassau County Department of Social Services (hereinafter DSS) commenced proceedings pursuant to Family Court Act article 10 alleging that the mother and George R. neglected the children by engaging in domestic violence and by abusing drugs and alcohol. The petitions alleged that George R. was the father of Adalila R. and George W. R. Based on the allegations in the petitions, the children were removed from the mother and George R., and temporarily placed in the care and custody of DSS. During the course of their temporary placement,
Alexandria F. and Adalila R. disclosed that they had been sexually abused by George R. when they had resided with him and the mother. In November 2012, DSS filed petitions alleging that the mother and George R. severely abused Alexandria F. and Adalila R. In April 2013, the mother consented to a finding of neglect against her and a dispositional order that continued the placement of the children with DSS. On September 4, 2014, after a fact-finding hearing, the Family Court issued an oral decision finding that George R. severely abused Alexandria F., derivatively abused Adalila R. and George W. R., and neglected all three children. Meanwhile, on September 4, 2013, George R.'s mother, Adalila R.-S., filed a petition for custody of, and access to the children Adalila R. and George W. R.
On October 3, 2014, the Family Court commenced a consolidated hearing on the disposition of the severe abuse and neglect proceedings against George R., and on the petition for custody and access filed by Adalila R.-S. On November 25, 2014, John F. surrendered his parental rights to all three children. On December 23, 2014, George R. commenced a paternity proceeding pursuant to Family Court Act article 5 seeking to be declared the father of Adalila R. and George W. R. On June 8, 2015, the mother surrendered her parental rights. On June 10, 2015, a Support Magistrate entered orders of filiation declaring George R. the father of Adalila R. and George W. R.
In an order dated August 30, 2016, the Family Court found that George R. severely abused Alexandria F., derivatively abused Adalila R. and George W. R., and neglected all three children. The court also rejected George R.'s contention that he should be treated as the father of Adalila R. and George W. R., such that efforts at reunification were required, and directed that orders of protection be issued precluding George R. from contacting the children until their 18th birthdays (see Family Ct Act § 1056[4]). Finally, the court denied the custody and access petition filed by Adalila R.-S. George R. and Adalila R.S. separately appeal.
Although anyone legally responsible for a child's care may be the subject of a finding of abuse (see Family Ct Act § 1012[a]), at the time of the entry of the order appealed from, a finding of severe abuse could only be made against a legal parent (see Family Ct Act former § 1051[e]; [*3]Social Services Law § 384-b[8][a]; Family Ct Act § 1012[l]; Matter of Angel P. [Jose C.], 155 AD3d 569, 570; Matter of Tiarra D. [Philip C.], 124 AD3d 973, 975; Matter of Leonardo V., Jr. [Leonardo V.], 95 AD3d 1343, 1345). Here, since it is undisputed that George R. was not Alexandria F.'s legal parent, the Family Court should not have found that he severely abused Alexandria F.
However, we find that George R. abused Alexandria F. within the meaning of Family Court Act § 1012(e)(iii)(A) by committing acts of sexual abuse in the first degree as defined in Penal Law § 130.65(3) (see Matter of Leonardo V., Jr. [Leonardo V.], 95 AD3d at 1345). Contrary to George R.'s contention, Alexandria F.'s out-of-court statements, as recounted by a DSS caseworker, were sufficiently corroborated by Alexandria F.'s unsworn but cross-examined in-camera testimony (see Family Ct Act § 1046[a][vi]; Matter of Christina F., 74 NY2d 532, 536-537; Matter of Aaliyah B. [Clarence B.], 68 AD3d 1483, 1484; Matter of Sabrina M., 6 AD3d 759, 761), as well as by the testimony of a licensed clinical social worker who was a specialist in the field of child abuse (see Matter of Nicole V., 71 NY2d 112, 121-122; Matter of Victoria P. [Victor P.], 121 AD3d 1006, 1007). Moreover, there is no basis in the record to disturb the Family Court's assessment of the witnesses' credibility (see Matter of Victoria P. [Victor P.], 121 AD3d at 1007).
Accordingly, we modify the order appealed from so as to delete the word "severe" from the finding made with respect to Alexandria F. (see Matter of Leonardo V., Jr. [Leonardo V.], 95 AD3d at 1345).
We agree with the Family Court's finding that George R. derivatively abused Adalila R. and George W. R., as George R.'s acts of abuse against Alexandria F. demonstrated a fundamental defect in his understanding of parental duties so as to create a substantial risk of harm to them (see Family Ct Act § 1046[a][i]; Matter of Harmonee B. [Roy B.], 161 AD3d 852, 853; Matter of Brysen A. [Bryan A.], 161 AD3d 850, 851; Matter of Harmony M.E. [Andre C.], 121 AD3d 677, 679).
However, we disagree with the Family Court's determination that George R. should not be treated as the father of Adalila R. and George W. R. Since the mother was married to John F. when those two children were born, there is a presumption that John F. was their father (see Domestic Relations Law § 24[1]; Family Ct Act § 417; Matter of Fay, 44 NY2d 137, 141-142; Matter of Joseph O. v Danielle B., 158 AD3d 767, 769-770). However, this presumption is rebuttable (see Matter of Fay, 44 NY2d at 142; Matter of Joseph O. v Danielle B., 158 AD3d at 769-770).
Here, DSS alleged in the petitions relating to Adalila R. and George W. R. that George R. is the father of those two children. These allegations constituted formal judicial admissions that are conclusive of the facts admitted in these proceedings (see e.g. Zegarowicz v Ripatti, 77 AD3d 650, 653). While DSS argues that it is not bound by the orders of filiation entered by the Support Magistrate with respect to those two children, contending that it did not have notice of the paternity proceeding in which the orders were made, DSS's argument, even if accepted, is immaterial to the result here given DSS's formal admissions that George R. is the biological father of those two children.
Based on its determination not to treat George R. as the father of Adalila R. and George W. R., the Family Court failed to consider the full range of dispositional alternatives with respect to those children (see Family Ct Act § 1052), failed to make findings regarding reasonable efforts made with respect to reunification (see Family Ct Act §§ 1052[b], 1055[c], 1089[c][4]), and erroneously directed the extension of orders of protection pursuant to Family Court Act § 1056(4) precluding George R. from having any contact with Adalila R. and George W. R. until their respective 18th birthdays (Matter of Sheena D., 8 NY3d 136, 141-142). Accordingly, we remit the matter to the Family Court, Nassau County, for further dispositional proceedings with respect to the children Adalila R. and George W. R., including a determination as to whether an order of protection is appropriate and, if so, the proper duration thereof. We take no position on these issues.
With respect to the appeal by Adalila R.-S., we agree with the Family Court's determination denying her petition for custody of and access to the children Adalila R. and George W. R. The record establishes that the denial of the custody and access petition was in those [*4]children's best interests (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Troiano v Marotta, 127 AD3d 877, 879; Matter of Pinsky v Botnick, 105 AD3d 852, 855).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
SCHEINKMAN, P.J., BALKIN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court