**American Tr. Ins. Co. v Nexray Med. Imaging PC**

2025 NY Slip Op 31611(U)

April 11, 2025

Civil Court of the City of New York, New York County

Docket Number: Index No. CV-701110-22/NY

Judge: Wendy C. Li

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

Index No.: CV-701110-22/NY

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------X
AMERICAN TRANSIT INSURANCE COMPANY,
                                        Petitioner,

-against-

NEXRAY MEDICAL IMAGING PC
D/B/A SOUL RADIOLOGY
A/A/O DAVID CLARKE,

                                        Respondent.
-------------------------------------------------------------------------X
LI, J.C.C.

**Index No.: CV-701110-22/NY**

**Decision and Order**
**Motion Sequence #1, #2**

## I. Recitation of the papers considered in the review of this

## Motion as required by CPLR 2219(a)

Upon reviewing Petitioner's Petition to vacate the arbitration award ("**Motion #1**") and Respondent's opposition and cross motion ("**Opposition**" or "**Motion #2**"), together with all supporting documents, Motion #1 is decided as follows.

## II. Background

The instant action concerns a no-fault benefits reimbursement for MRI testing services sought by Respondent, arising from an automobile accident occurred on May 27, 2018, where Respondent's assignor, David Clarke ("**Clarke**"), sustained injuries. Petitioner denied the reimbursement based on lack of medical necessity and Respondent's alleged failure to provide a response to verification requests pursuant to 11 NYCRR 65-3.8(b). The total amount in dispute was $3,075.34. Thereafter, the matter at hand was submitted to arbitration before Arbitrator Lucille S. DiGirolomo ("**DiGirolomo**") on July 8, 2021, who issued an award in favor of Respondent ("**Award**"), which was subsequently affirmed in a Master Arbitration Award by Master Arbitrator Richard B. Ancowitz ("**Ancowitz**") on October 25, 2021.



[* 1]

Index No.: CV-701110-22/NY

On February 7, 2022, Petitioner filed the instant petition to vacate the arbitration award pursuant to CPLR 7511(b)(1)(iii), asserting that both the Award and the Master Arbitration Award were arbitrary, capricious and incorrect as a matter of law and without a rational basis. Petitioner alleged that the arbitrators ignored the evidence submitted by Petitioner, failed to apply the proper evidentiary burdens and rendered an award that was not a final and definite, which was prejudicial to Petitioner. On March 21, 2022, Respondent opposed, contending that the Petition must be dismissed as it was untimely and improper and failed to demonstrate any of the grounds for vacatur set forth in CPLR 7511. Additionally, Respondent cross-moved in its Opposition to confirm the Award in the amount of $3,075.34, plus statutory interest, attorney's fees, costs and disbursements, and sought reasonable attorney's fees pursuant to 11 NYCRR 65-4.10(j)(4) in connection with the instant proceeding. Motion #1 and Motion #2 were subsequently assigned to this Court for a determination.

### III. Discussion

**1. Petitioner's Petition to vacate the arbitration award**

"[J]udicial review of arbitration awards is extremely limited" (see *Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 479, 846 N.E.2d 1201, 813 N.Y.S.2d 691 [2006]). "CPLR article 75 codifies a limited role for the judiciary in arbitration" (see *American Intl. Specialty Lines Ins. Co. v Allied Capital Corp.*, 35 NY3d 64, 70, 125 N.Y.S.3d 340, 149 N.E.3d 33 [2020]).

In that regard, CPLR 7511(b)(1) sets forth narrow circumstances for judicial review of a master arbitrator's award, including when rights of the petitioner were prejudiced by an "arbitrator making the award exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made" (see CPLR 7511[b][1][iii]). "It is well-settled

2

[* 2]

Index No.: CV-701110-22/NY

that an arbitrator 'exceed[s] his power' under the meaning of the statute where his 'award violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power'" (see *Matter of Kowaleski [New York State Dept. of Correctional Servs.]*, 16 NY3d 85, 90-91, 942 N.E.2d 291, 917 N.Y.S.2d 82 [2010], quoting *Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d 332, 336, 845 N.E.2d 1243, 812 N.Y.S.2d 413 [2005]).

Here, the issue in dispute during the initial arbitration proceeding was in relation to whether Petitioner's denials of the MRI testing performed on Clarke on June 29, 2018 and July 9, 2018, which were based on a peer review report by Peter Chiu, M.D., could be sustained (Motion #1, Exhibit A, p. 1). Upon a review of the peer review report by Peter Chiu, M.D., Arbitrator DiGirolomo found that Petitioner failed to sufficiently meet its burden and concluded that the peer review report was not persuasive as the peer reviewer's rationale failed to disprove the medical records, not explain how Clarke's condition was purely pre-existing and not exacerbated or aggravated in any way by the automobile accident.

Thereafter, Master Arbitrator Ancowitz upheld the lower Award, finding "no infirmity in the [A]ward" and that the Award was "well within the arbitrator's discretion in weighing the evidence, as was done, and coming to a conclusion that [Petitioner] had not met their burden of sustaining their defenses" (see Motion #1, Exhibit B, p. 2).

"[U]nless there is no proof whatever to justify the award so as to render it entirely irrational…the arbitrator's finding is not subject to judicial oversight" (see *Matter of Peckerman v D & D Assoc.*, 165 AD2d 289, 567 N.Y.S.2d 416 [1st Dept 1991]). It is unclear in what way Petitioner construed the Award and the Master Arbitrator Award to be "arbitrary, capricious [and] incorrect as a matter of law and without a rational basis" (see Motion #1, ¶ 6). While Petitioner

3

[* 3]

Index No.: CV-701110-22/NY

argued that the instant petition was not a request for a *de novo* review, stating that "the arbitrator and Master Arbitrator both failed to even conduct an initial review of the evidence, prejudicing the [P]etitioner" (see Motion #1, ¶ 63), it appears that Petitioner is, in essence, improperly seeking a *de novo* review of the instant matter. Based on the submission, it appears that the Award set forth Arbitrator DiGirolomo's examination of the evidence provided, notably the peer review report of Peter Chiu, M.D., which Master Arbitrator Ancowitz affirmed. It is beyond the scope of this Court to examine "the path of analysis, proof and persuasion by which the arbitrator reached this conclusion" in an Article 75 proceeding (see *Matter of Cherrington v New York City Tr. Auth.*, 203 AD3d 539, 165 N.Y.S.3d 492 [1st Dept 2022] quoting *Peckerman*, 165 AD2d 289, 567 N.Y.S.2d 416 [1st Dept 2018]), unless Petitioner sufficiently establishes the Award violated a strong public policy, and was irrational or clearly exceeded a specifically enumerated limitation on the arbitrator's power (see *Matter of Kowaleski [New York State Dept. of Correctional Servs.]*, 16 NY3d 85, 90-91, 942 N.E.2d 291, 917 N.Y.S.2d 82 [2010]). "Indeed, 'the ultimate disposition of the merits is of course reserved for the arbitrators and the courts are expressly prohibited from considering whether the claim with respect to which arbitration is sought is tenable, or otherwise passing upon the merits of the dispute'" (see *Peckerman*, 165 AD2d 289, 567 N.Y.S.2d 416 [1st Dept 2018] quoting *Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co.*, 37 NY2d 91, 95, 332 N.E.2d 333, 371 N.Y.S.2d 463 [1975] [Internal quotation marks and brackets omitted]). In fact, even in circumstances where misapplication of substantive rules of law or error of fact were committed by arbitrators, the courts have upheld and not disturbed the outcome of such awards (see *Wien & Malkin LLP*, 6 NY3d 471 at 479-480).

As such, this Court finds Petitioner's contention that the Award was irrational to be unavailing, and therefore, the Petitioner's Petition to vacate the arbitration award is denied.



[* 4]

Index No.: CV-701110-22/NY

## 2. Respondent's Cross-Motion to confirm the arbitration award

Pursuant to CPLR 7510, "[t]he court *shall* confirm an award upon application of a party made within one year after its delivery to them, *unless* the award is vacated or modified upon a ground specified in section seventy-five hundred eleven of this article [Emphasis added]" (see CPLR 7510; see generally *Matter of Bernstein Family Ltd. P'ship v Sovereign Partners, L.P.* 66 A.D.3d 1, 883 N.Y.S.2d 101 [1st Dept 2009]; *Matter of New York Tr. Auth. v American Tr. Ins. Co,* 211 A.D.3d 643, 181 N.Y.S.3d 218 [1st Dept 2022]). Here, the signed Master Arbitration Award by Master Arbitrator Ancowitz was on mailed on October 25, 2021 and Petitioner filed its cross-motion to confirm the arbitration award on March 21, 2022, within one year of the delivery on the award. In addition, Petitioner's Petition to vacate the arbitration award pursuant to CPLR 7511 is denied.

Accordingly, the Award in favor of Respondent is confirmed.

## 2. Reasonable attorney's fees in connection with the instant court proceeding

Pursuant to Insurance Law § 5106(a), if a valid claim or portion of a claim for no-fault benefits is overdue, "the claimant shall also be entitled to recover his [or her] attorney's reasonable fee, for services necessarily performed in connection with securing payment of the overdue claim, subject to the limitations promulgated by the superintendent in regulations". Since Petitioner seeks to vacate the master arbitration award pursuant to 11 NYCRR 65-4.10(j)(4), Respondent is entitled to attorney's fees which "shall be fixed by the court adjudicating the matter" (see 11 NYCRR 65-4.10 [j][4]; see also *Matter of Country-Wide Ins. Co. v Bay Needle Care Acupuncture, P.C.,* 162

5

Index No.: CV-701110-22/NY

AD3d 407, 408, 78 N.Y.S.3d 321 [1st Dept 2018]). Accordingly, Respondent's request for reasonable attorney's fees it incurred in defending the award is granted.

**3. The issue of whether the Petition was timely**

In light of the Court's denial of Petitioner's Petition to vacate the arbitration award in the foregoing, the branch of Respondent's contention that Petitioner's petition was untimely is academic.

## IV. Order

*Accordingly, it is*

**ORDERED** that Motion #1, Petitioner's Petition to vacate the arbitration award is DENIED*; and it is further*

**ORDERED** that the clerk is directed to calendar Respondent's opposition and cross motion as Motion #2; *and it is further*

**ORDERED** that Motion #2, Respondent's cross-motion to confirm the arbitration award, plus statutory interest, reasonable attorney's fees, costs and disbursements is GRANTED.

This constitutes the DECISION and ORDER of the Court.

Dated: April 11, 2025

County of New York                                    Honorable Li, J.C.C.

HON. WENDY C. LI
JUDGE

Entered

APRIL 11 2025

NEW YORK COUNTY

CIVIL COURT

6

[* 6]